QUINEBAUG BANK *against* TARBOX:

### IN ERROR.

Though the general principle is well settled, that the pendency of a prior suit between the same parties, for the same thing, will abate a suit subsequently brought, this principle does not prevail, in our courts, where it appears, that the first suit would be ineffectual.

Therefore, where a writ of error was brought to reverse a judgment, in which the errors assigned appeared in a bill of exceptions; and it was afterwards discovered, that the court below had omitted to allow and sign the bill of exceptions, as stated in such writ of error, but having materially altered it, had then allowed and signed it; and thereupon a second writ of error was brought, the first being abandoned, including a transcript of such altered bill of exceptions, to reverse the same judgment: it was held, that these facts did not constitute a sufficient ground of abatement.

Where a court for the trial of a complaint of forcible entry and detainer, consisted of a county commissioner and a justice of the peace, residing in that county, but in a different town from that in which the land which was the subject of the complaint, was situated, and from that in which either of the parties resided; it was held, that such court was legally constituted, and had jurisdiction of the proceeding.

It being indispensable to the pure administration of justice, in trials by jury, that the jurors should be selected with the utmost fairness and integrity, it is a good cause of challenge to them, that the officer returning them, was interested, or guilty of any partiality or misconduct in their selection; and the objection on this ground goes not only to the particular jurors so returned, but to the whole panel, and is a cause of challenge to the array.

But where an officer, whose duty it was to summon a jury to try a complaint of forcible entry and detainer against the *Quinebaug Bank*, for the purpose of ascertaining who were legally qualified to act as jurors in that cause, asked the counsel for the defendants to inform him, who were stockholders in that institution; and the counsel, thereupon, after expressly disclaiming any wish to influence him in the discharge of his duty, named to him several persons who were not such stockholders, adding an expression of his opinion, that they were independent and judicious men: some of whom so named, the officer, without being biased, by any representation made by the counsel, summoned as jurors; it was held, that there was no ground for the imputation of any blame to either the counsel or the officer, and consequently, a challenge of the jurors, founded on these facts, was disallowed.

A complaint under the statute of forcible entry and detainer, is regarded as a civil remedy; and on the trial of such a complaint, each party has the right of challenging, peremptorily, two jurors.

THE original suit was a complaint of forcible entry and detainer, made by *George W. Tarbox*, against *The Quinebaug Bank*, returnable to *Belton A. Copp*, a county commissioner, and *Philo M. Judson*, a justice of the peace, alleging, that

on the 11th day of *August*, 1849, the defendants made forcible entry into a certain manufacturing establishment, called the *Eagleville* manufactory, and the mill at *Eagleville*, situated in the town of *Lisbon*, of which the complainant was then in the lawful and peaceable possession, and disseised the complainant. and with a strong hand detains the same, and forcibly holds the complainant out of the possession thereof.

*New-London,*
July, 1850.

Quinebaug
Bank
*v.*
Tarbox.

The defendants appeared, and pleaded to the jurisdiction of the court, on the ground that *Judson*, one of its members, was not a resident of the town of *Lisbon*, in which the property in question was situated, but of *Norwich;* and that there were sundry justices of the county, [naming them,] who resided in *Lisbon*. This plea being demurred to, the court adjudged it insufficient, and ordered the defendants to *answer over.*

The defendants then pleaded the general issue, on which the cause was tried before the court, and a jury summoned for that purpose. At the commencement of the trial, the defendants challenged the panel of jurors, as having been illegally summoned. To sustain such challenge, he called the officer who summoned them, who, being sworn, testified, that he called upon *L. F. S. Foster*, Esq., the attorney of the plaintiff, as he wished to ascertain who were stockholders in the *Quinebaug Bank;* that Mr. *Foster*, after having disclaimed to the witness any wish to bias him in the discharge of his duty in summoning the jurors, named to him several individuals, who were not stockholders in the *Quinebaug Bank*, and whom he believed to be judicious, independent men; some of whom the witness summoned, and some he did not; that he was not biased in summoning any juror, by any representation Mr. *Foster* made, nor could he name the jurors in the panel named to him by Mr. *Foster*. There being no other proof in relation to this matter, the defendants claimed, that the whole panel was illegally summoned. But the court overruled the objection, and ordered the trial to proceed.

The defendants thereupon claimed the right to challenge peremptorily two jurors, under the law of the state, and did so challenge one of the jurors, without stating any special cause for such challenge. But the court overruled the challenge, and the juror so challenged was sworn, and was one of

*New-London.*
*July, 1850*

Quinetaug
Bank
*v.*
Tarlox.

the jury before whom the cause was tried. The jury returned a verdict for the plaintiff; and the court rendered final judgment thereon.

The defendants then brought a writ of error in the superior court, assigning sundry errors.

The defendant in error pleaded in abatement the pendency of another writ of error, previously issued and served, to reverse the same judgment, returnable to the same court, at the same term.

The plaintiffs in error replied, that after the bringing of the other writ of error mentioned by the defendant in error, they discovered that commissioner *Copp*, and justice *Judson*, had not allowed the bill of exceptions set forth in said writ, but had materially altered it; and that said writ was not in such form as that the questions at issue between the parties could be fairly raised and decided therein; and thereupon the plaintiffs in error, to avoid delay, and to procure a fair and speedy trial of the questions at issue between the parties, arising on said judgment, no further pursued said writ, but discontinued it, and afterwards procured their present writ to be issued, conforming therein to the records of said court, as altered and perfected; written notice to the defendant having been served upon him, that the writ first issued would be no further prosecuted.

The rejoinder of the defendant averred the pendency of the first writ of error; that it was for the same matter, cause and thing; and that it was brought to reverse the same judgment. To this the plaintiffs demurred.

The questions of law arising upon the record, were reserved for the advice of this court.

*Strong* and *E. Perkins*, for the plaintiffs in error, contended, 1. That the pleadings in this case, show no ground for the abatement of the writ of error. In the first place, where it appears that the first writ would have been wholly ineffectual, and was not pursued, but withdrawn, it will not abate the second. 1 *Sw. Dig.* 611. *Gould's Pl.* 285. *Durand* v. *Carrington*, 1 *Root*, 355. *Id.* 562. *Ward* v. *Curtiss*, 18 *Conn. R.* 290. Secondly, the matters alleged in the replication, are a sufficient defence to the plea in abatement;

and not being answered, by the rejoinder, are admitted to be true.  1 *Sw. Dig.* 616.

2. That the court of forcible entry and detainer, on the facts stated in the plea to the jurisdiction of that court, had no jurisdiction of the cause.  In the first place, a justice is made a part of the court, by virtue of his office.  He is to try a *civil* cause.  He must therefore be a justice of the county, having jurisdiction of such cause.  Secondly, to give a justice jurisdiction of a civil cause, it is necessary that he should reside in the town to which one or both of the parties belong, or in which the land in controversy lies.  *Stat.* 66. The only exception to this rule is, where there is no justice in that town qualified to try the cause.  *Humphreville* v. *Perkins,* 5 *Day,* 117.  Any other construction of the statute, gives to the plaintiff an unjust advantage in his selection of the court ; allowing him the range of the whole county for the purpose.  Thirdly, so long as there are justices residing in the town of *Lisbon,* qualified to act, no justice from any other town could be required to constitute a part of the court ; as no justice can be compelled to leave his own town to try causes.  *Lyme* v. *East-Haddam,* 14 *Conn. R.* 399.

3. That the court erred in not allowing the challenge to the array.  Part of the jury who tried the cause, were nominated by the counsel for the plaintiff; and this part could not be distinguished from the others.  2 *U. S. Dig.* 689.  *Co. Litt.* 155. *a.* 3 *Bla. Com.* 359.

4. That the court erred in denying to the defendants the right of peremptory challenge as to two jurors.  By express statute, each party has the right, on the trial of every civil action, to challenge two jurors peremptorily.  And this right appertains to the parties to this action, as well as to parties in the superior and county courts.  *Sess. Stat.* 1848.  *Stat.* 79.  In the revision of 1849, this right of challenge is secured, by the same statute which alone authorises the plaintiff to bring this action of forcible entry and detainer, and to try it before a jury.  *Stat.* 79. 113. 114. 110. 224. 225.

5. That the court erred in their instruction to the jury.

*Foster* and *Wait,* for the defendant in error, contended, 1. That the court by which the cause was tried, was legally constituted.  *Judson* was a justice of the peace of the county

New-London,
July, 1850.

Quinebaug
Bank
v.
Tarbox.

in which the manufactory and mill in controversy are situated. *Stat.* 113. § 224. A residence in the town of *Lisbon*, was not necessary to qualify him to act as a member of such a court. *Betts* v. *Dimon*, 3 *Conn. R.* 107. Justices can try civil actions in any town in the county in which they reside, except where they are otherwise expressly limited by statute; as they are, in some cases, but not in this. *Stat.* 66. Justices are county, and not town officers.

2. That the defendant could not challenge the whole array, unless he could show fraud or partiality in the selection of the entire panel. Here, it is proved, that the officer was *not biased*, in summoning any juror. And if the fact that a part of the panel had been named, by the plaintiff's counsel, to the officer, is the ground of challenge, the defendant could only have challenged such as were so named. But further, the counsel for the plaintiff had a right to designate the entire panel; and unless there was a fraudulent combination shown to select improper persons, it would not be a ground of setting aside the panel. *Miles* v. *Pulver*, 3 *Denio*, 84.

3. That the statute giving a party the right to challenge two jurors peremptorily, without alleging or showing any cause therefor, exists only in suits pending before the superior and county courts. *Stat.* 79. If two of the jurors were stricken off, in this manner, could the remaining ten try the cause? Or could the sheriff supply their places, with talesmen? There is no provision in the statute for either of these contingencies. This tribunal is one of a special and peculiar character, and is governed only by the letter and spirit of the statute by which it is created.

4. That the charge of the court was correct.

5. That the second writ of error ought to abate and be dismissed, because of the existence and pendency of the first, for the same matter, cause and thing. *Beach* v. *Norton*, 8 *Conn. R.* 71. *Buffum* v. *Tilton*, 17 *Pick.* 510. The first writ was not withdrawn, in the manner prescribed by the statute. *Stat.* 63. § 53. 54. There was *no necessity* for bringing the second writ, because the first might have been amended. The cases cited *e contra* are, therefore, inapplicable here.

STORRS, J. There is a plea in abatement to this writ of *New-London,* error, founded on the pendency, when it was instituted, of another writ of error, brought to reverse the judgment sought to be reversed in the present case.

*New-London,*
July, 1850.

Qu'nebaug
Bank
*v.*
Tarbox.

The general principle is well settled, that the pendency of a prior suit between the same parties, for the same thing, will abate a latter suit; because, in such a case, the last is deemed to be unnecessary, and therefore vexatious. But this principle, although general, is not universal. It does not prevail, at least in our courts, where it is made to appear that the last is not vexatious. but brought for good cause; because the reason of the general rule there fails. Hence, it has often been decided in this state, that, where it appears that the first action would be ineffectual, its pendency shall not abate the second; because the latter is not in such case deemed vexatious. *Gould's Pl.* 285. 1 *Sw. Dig.* 611. *Durand* v. *Carrington,* 1 *Root,* 355. *Ward* v. *Curtiss,* 18 *Conn. R.* 290. We think that the facts disclosed by the pleadings in this case, bring it within this exception to the general rule. It appears, that after the suing out of the first writ of error, the plaintiff in error discovered, that the court, to reverse the judgment of which it was brought, had not allowed, but materially altered, the bill of exceptions therein set forth; and that, in consequence thereof, the questions of law arising upon that judgment, could not be presented, in such a manner, that they could be fairly raised and determined on that writ; and that the plaintiffs in error thereupon, with intent to avoid delay, and procure a fair and speedy trial of those questions, abandoned and ceased to prosecute that writ of error, and brought the present one. It is obvious, that the first would have been wholly ineffectual; and nothing appears, which shows any fault in the plaintiffs in error. This writ of error, therefore, is not to be deemed vexatious, and should not be abated.

We proceed to consider the questions arising on it.

2. The first error assigned, is, that the court to which the complaint in this case was preferred, and by which it was tried, was not legally constituted. It consisted of one of the commissioners of the county, in which the land, which was the subject of the complaint, is situated, and a justice of the peace residing in that county, but in a town other than that in which the land lies, or in which either of the parties resided. The

*New-London,* statute of forcible entry and detainer, (*Stat.* 113.  *Civil Ac-*
July, 1850.
———————  *tions,* § 224.)  provides, that the complaint under it may be
Quinebaug
Bank   exhibited " to a county commissioner and justice of the peace
*v.*   in the county where the lands, &c. lie," without any restric-
Tarbox.
tion as to the town in which the latter shall reside ; and there
is nothing in this statute from which any such restriction can
be inferred.  It requires, that the complaint shall be tried in
the town where the injury complained of was done ; but it
does not result from thence, that the justice must reside in
that town ; and neither of the parties may reside in that town ;
which shows, that the statute did not intend to require, that
he should reside in the town where one of the parties reside.
In the absence of any restriction in this respect, we are not
at liberty to impose one.  The defendant in error claims,
that the general statute respecting venue and jurisdiction,
(*Civ. Act.* § 64. *p.* 66.) applies to this complaint, and requires
that the justice should reside in the town where the land lies.
We do not perceive how that statute would require this, if it
were applicable here ; but it does not, and was not intended
to, apply to cases arising on the statute of forcible entry and
detainer, under which the present complaint was brought,
and by which the proceedings under it are regulated, but
only to cases within the jurisdiction of single justices of the
peace.   The plea to the jurisdiction was, therefore, properly
overruled.

3.  The second error assigned, is, that the court below over-
ruled the challenge of the defendant to the jurors, founded on
the misconduct of the officer in summoning them.   It being
indispensable to the pure administration of justice, in trials by
jury, that the jurors should be selected with the utmost fair-
ness and integrity, courts have always deemed it a good
cause of challenge to them, that the officer returning them
was interested, or guilty of any partiality or misconduct, in
their selection ; and so careful and jealous are they on this
subject, that the objection on this ground goes, not only to the
particular jurors returned under the influence of such im-
proper motives or conduct, but extends to the whole panel,
and is a cause of challenge to the array.   The rejection of
the jurors is not founded on any personal objection to them,
but on the misconduct of the officer, which is presumed to
have influenced the selection of the whole panel.   And the

selection, by the officer, of any of the jurors, in consequence <span style="float:right">*New-London,*<br>July, 1 50.</span> of the nomination, appointment, or request of a party, or his counsel, is held to constitute such misconduct; because it is the duty of the officer in making a selection, to act on his own unbiassed, independent judgment. These principles are fully settled, by the authorities, and apply to cases like the present, in which the jurors are selected by the officer, as in *England*, and are not drawn from the jury boxes, in the mode prescribed for designating jurors for the superior and county courts. (*Stat. Civ. Act.* § 224. *p.* 113. § 107. *p.* 79.) *Trials per pais,* 166. 169. 3 *Blk. Com.* 359.

Quinebaug<br>Bank<br>*v.*<br>Tarbox.

We are, however, clearly of opinion, that the charge of misconduct in the officer, upon which the challenge was made, in this case, was not supported by the proof. For the purpose of ascertaining who were legally qualified to act as jurors, and without any previous communication with the counsel for the *Quinebaug Bank*, (the defendants,) he asked the latter to inform him who were stockholders in that institution; who, thereupon, after expressly disclaiming any wish to influence him in the discharge of his duty, named to him several persons who were not such stockholders, adding an expression of his opinion, that they were independent and judicious men; some of whom so named, were summoned as jurors; but the officer was not biassed, by any representation made by the counsel. Without discussing minutely the testimony, it is sufficient to say, that there was no gratuitous or improper interference, on the part of counsel; no attempt by him to influence the officer, but, on the contrary, an express disclaimer of any such intention; and not even a wish expressed that any particular person should be selected; and that the officer sought no improper, illegitimate, or even unnecessary information, was governed by no improper motive, and was not influenced, in any degree, by the representation made to him. There is no ground for the imputation of any blame on either the counsel or the officer, or for the belief that any possible injury could arise to the plaintiff, by what occurred between them. There was no *nomination* of jurors, by a party, in any sense; much less in that in which that term is used in the authorities cited. The challenge of the jurors, on this ground, was therefore properly disallowed.

4. The next error assigned, is, that the plaintiff in error, in

the court below, was denied the right of challenging, peremptorily, two jurors. We think that this decision was erroneous. A complaint under the statute of forcible entry and detainer, is now treated as a mere *civil* remedy. 1 *Sw. Dig.* 651. *Dutton* v. *Tracy,* 4 *Conn. R.* 79. *Phelps* v. *Baldwin,* 17 *Conn. R.* 209. *Raymond* v. *Bell,* 18 *Conn. R.* 81. *Bell* v. *Raymond, Id.* 91. If we were to look only at the provision in the § 110. of the act for the regulation of civil actions, which gives the right to each party in civil actions of peremptory challenge, as it now stands in the revised statutes, its connexion with the preceding part of that section, which relates only to causes pending in the superior and county courts, might suggest a doubt whether it was intended to apply to causes pending in any other than those courts, notwithstanding it embraces, in terms, " every civil action ;" but for the purpose of giving a construction to a body of laws, which, like our present " *revised statutes*," is composed, both of the laws which were actually revised, and also of those which, without being revised, were only incorporated with them, it is not only proper, but justice requires, that we look at them as they were originally passed, and at the circumstances and manner in which they have assumed their present form. The history and progress of laws furnish a legitimate and most useful clew to their construction. The provision which has been mentioned, was first passed, by the legislature, at its session in 1848, as an original and independent law, and provided, in a most general form, " that in the trial of any civil action to the jury, both parties shall have the right to challenge two jurors peremptorily." (*Stat.* 1848. *ch.* 55. *p.* 47.) This embraced any such action, in whatever court it might be pending. Instead of placing it among the revised statutes as a distinct provision, it was incorporated with them, pursuant to the act relating to the revised statutes, passed at the same session, providing for the incorporation of the acts passed at that session, with the then recently revised laws, (*Stat.* 1848. *ch.* 80. *p.* 71.) by uniting it with the revised laws respecting the designation by lot of jurors, in each cause pending in the superior and county courts, where more than twelve are in attendance. It is certain, that its import or extent was not intended to be affected, because it was only to be incorporated with the revised laws. Its position in the present code,

was a matter merely of convenience and orderly arrange- *New-London, July, 1850.* ment. It should therefore retain its original construction, by which it plainly applied to causes pending in the peculiar court *Quinebaug Bank* whose judgment is now under consideration. And there is *v.* much more reason for allowing such right of challenge in *Tarbox.* such special tribunals, than in the superior or county courts; because in the latter, the jurors are taken by lot, whereas in the others, they are selected by the returning officer, where there is greater danger of having packed juries. The former are most emphatically within the spirit of the act in question. The judgment complained of should be reversed, for error on this point.

Hence it is unnecessary to consider the question involved in the remaining assignment of errors.

We advise that the judgment below be reversed.

In this opinion the other judges concurred, except WAITE, J., who gave no opinion, being a stockholder in the *Quinebaug Bank.*

Judgment reversed.