Hinman, J.
On the trial of the' application of George Rickard for the reassessment of damages caused by the taking of his land for a highway, he objected to and challenged one of the jurors on the ground of his relationship, by marriage, to a tax-payer of the defendant town. The objection was disregarded, and the juror heard the cause and assisted to find the verdict. The statute providing for the reassessment of damages where land has been taken for a highway, directs that the jury shall consist of “ six able and disinterested electors.” Rev. Stat., tit. 24, § 25. It does not make relationship to an inhabitant of the town interested a disqualification, and we think the legislature intended to specify all the causes which should disqualify a juror. In the 26th section of the act, it is provided that if any of the jurors are tax-payers of the town where the road lies, or own real estate therein, or are connected with any of the applicants for the jury by blood or marriage, in such manner as would by law prevent a judge from acting between party and party, the sheriff shall release them and summon others in their places. This therefore seems to be the case of a proceeding *465 intended to be entirely regulated by statute, and certain causes of disqualification of the jurors are mentioned, without any such general words as to include other causes. We are satisfied therefore that this objection ought not to be sustained.
But this same juror was peremptorily challenged, and this was disregarded. This raises the question whether the provision of the statute relating to civil actions, (Rev. Stat., tit. 1, § 110,) which gives to each party in every civil action the right to challenge two jurors peremptorily, without alleging or *showing any cause therefor, is applicable to the trial [ *570 | of a cause before a jury for the reassessment of damages for land taken for a highway. A civil action is defined to be “ tbe legal demand of one’s right.” Sometimes it is called the form of a suit given by law for'the recovery of what is due. Now every demand of a right regularly pending before a court, by which a party seeks to recover his right against another who is depriving him of it, and which is of a civil as distinguished from a criminal character, comes directly within this definition, and, as such, comes of course within the terms of the statute giving the right of peremptory challenge. It is said, however, that the reassessment of damages is not a trial before a jury ; that the triers are rather a committee than a jury, though called a jury in the statute; and that the court will look at them as such. We however, can see no difference between them and ordinary jurors except in respect to the character and extent of their inquiries, and the number necessary to constitute a panel, and in these respects the difference is no greater than exists in the case of trials under complaints for forcible entry and detainer, and to recover possession of leased premises, in which we have lately held that this right of peremptory challenge exists. Quinebaug Bank v. Tarbox, 20 Conn., 510. Miner v. Brown, id., 519.
Again, it is claimed that it is impracticable to permit the right to be exercised, since there is no tribunal to judge when it shall be allowed, or when it has been waived, or the party has had the benefit of it, and no provision for the drawing of other jurors to supply the places of those who may be challenged. It is true that the jury are to-reassess the damages without the aid of any one to preside over them. The sheriff who is to attend them has no power to interfere with their proceedings. He is directed, however, to supply the vacancies of interested jurors who have been drawn, and perhaps, from the necessity of the case, it would not be an unreasonable construction of the statute to say that he has the same power to supply the places of challenged jurors, which would entirely obviate any difficulty *466 arising from the want of tlie requisite number ; and in íespeot to the allowance of the right of challenge, and when it has been exercised or waived, the jurors must themselves [ *571 ] judge of it, as they do of *other matters which are involved in the trial. We think, therefore, that there is no very serious practical difficulty in allowing this right to be exercised ; but however this may be, the power seems to us to be positively given, and, as we think, for wise and obvious reasons; and we feel no disposition to limit it in the least. Gases under this statute may be as important, in respect to the amount involved in them, as almost any other, and we see no reason for restricting the right of challenge, that does not apply to all civil actions.
It was said also, that this was not a civil action, because it was not pending before any court, but only before the jury as .commissioners, or a committee. We do not see the force of this suggestion. It might as well be said of all jury trials, that they were before no court, because the jury can control the decision of them. But the case itself is before the court, to which the jury must return their verdict, as is the case of all trials before auditors or committees; and the court must act upon it by accepting or rejecting it.
It appears to us, therefore, that was error not to allow the peremptory challenge claimed. And on this ground we advise the superior court that the remonstrance is sufficient, and that the report of the jury ought not to be accepted.
In this opinion the other judges concurred.
Remonstrance sufficient.