## THE PEOPLE v. AMOS H. FELKER.

### (No. 2).

*Criminal law—Selection of jury in justice's court—If serious doubt exists as to fairness of officer, he should not be selected to choose jurors—Nor where objection is made, supported by affidavits showing his incompetency, and the facts charged are not denied—Officer's sworn opinion as to his want of prejudice is of no value in such a case—Right to an impartially selected jury a common-law one—Act 155, Laws of 1885, only declaratory of existing requirement.*

1. Respondent was arrested for an alleged failure to keep his saloon closed on Sunday, and demanded a trial by jury. He objected to the constable selected to write down the list of names from which to select the panel, supporting such objection by affidavits tending to show the officer's prejudice and hostility towards him. The constable denied under oath any prejudice or feeling that would disqualify him from drawing an impartial jury, but did not deny any of the disqualifying *facts* asserted in respondent's affidavits, and was allowed to write down the list of names and summon the jury selected therefrom.

*Held,* that the objection was not one that should be trifled with or evaded; and where there is a *serious* doubt of an officer's fairness, he should not be employed to choose jurors.

*Held,* further, that the unanswered facts set up in respondent's affidavits showed that the constable was incompetent, and that his opinion of his own fairness was of no value in view of these facts.

2. The *right* to an impartially selected jury is a common-law one, independent of any statute, and Act 155, p. 211, Session Laws of 1885, which requires that such selection shall be made by a *disinterested* officer, is only declaratory of what was required without it.[1]

Error to Muskegon. (Russell, J.) Argued April 21, 1886. Decided April 29, 1886.

Respondent was convicted of a failure to keep his saloon closed on Sunday, and brings error. Reversed. The facts are stated in the opinion, and in head-note 1.

*Stephen H. Clink*, for respondent :

The order of the justice overruling respondent's objection to the writing down the list of names by Collins from which to select a jury, and permitting him to select and summon such jury, was in violation of Act 155, Session Laws of 1885.

*Moses Taggart*, Attorney General, for People.

[No authorities cited upon the question decided in opinion. REPORTER.]

CAMPBELL, C. J. Respondent brought *certiorari* to review his conviction before a justice in Muskegon, where he was tried by jury, and the circuit court affirmed the judgment, which now comes up on error.

A jury having been required, respondent objected to having the list made by William Collins, constable, on the ground of interest in the prosecution and partiality. This objection was supported by affidavits of respondent and two other persons, stating, in addition to information of statements from others of declarations of Collins indicating a desire and determination to punish respondent, a number of facts, on

---

[1] Session Laws 1885, Act 155, p. 211.—·

"After the joining of issue, and before the court shall proceed to an investigation of the merits of the cause, and the accused shall not have waived his right to a trial by jury; thereupon the court shall direct the sheriff, or any constable of the county, to make a list in writing, of the names of eighteen inhabitants of the county, qualified to serve as jurors in the courts of record in this State, from which list the *complainant* and accused may *each* strike out six names: *Provided*, That no such officer shall make out said list if he be compl tinant in said cause, or in anywise *interested*, nor shall the jury consist of less than six persons."

the knowledge of the affiants, equally conclusive of his prejudice and hostility. The justice swore Collins, who denied any prejudice or feeling that would disqualify him from drawing an impartial jury, but did not deny, so far as the record shows, any of the facts asserted. The objection was overruled, and he selected the jurors.

The right to an impartially selected jury is a common-law right, independent of any statute, and where the summoning officer selects the jurors, the objection could be made both before the writ was placed in his hands, or by challenge to the array afterwards : 3 Bl. Comm. 359 ; 4 Bl. Comm. 352. The act of 1885 (page 211) only requires what was required without it, that the selection shall be made by a disinterested officer.

This is not an objection that should be trifled with or evaded. It is the interest of the State itself that all trials shall be fair and impartial. There can be no difficulty in finding an impartial process-server. If such cannot be found in any vicinage, it is not likely that a fair trial could be had there, and such a scandal as an unfair one had better be avoided. When there is serious doubt of an officer's fairness, he should not be employed to choose jurors.

In the present case the unanswered facts showed that Collins was incompetent, and his opinion of his own fairness was of no account in view of these facts. It is much to be regretted that prosecutions should be pressed by such disregard of public policy.

The judgment must be reversed, and the conviction must be declared illegal and quashed, and the respondent and his bail and sureties discharged.

CHAMPLIN and SHERWOOD, JJ., concurred. MORSE, J., did not sit.