# Wytheville

## PATRICK v. COMMONWEALTH.

June 16, 1913.

Absent, Keith, P.

1. CRIMINAL LAW—*Venire—Drawing—Presence of Attorney for Commonwealth.*—While juries in civil cases may be drawn in the presence of the attorney for the Commonwealth, there is no authority for his presence when juries are to be drawn in felony cases. He is one of the parties to the proceeding in which the jury is to sit, and it has always been the policy of our law, as far as human caution could reasonably provide, to see that the officials who select juries, as well as the jurors themselves, should stand impartial and unprejudiced. But whether or not the unauthorized presence of the attorney for the Commonwealth in the case at bar, at the drawing of the jury, was probably prejudicial to the accused, it is not decided.

2. JURORS—*Selection.*—The rule of the common law is that no one should take part in the selection of jurors who does not stand indifferent between the parties, and there is nothing in our statutes which changes that rule.

3. CRIMINAL LAW—*Venire Facias—Wrong Number of Jurors—Code, Section 4018—General Order of Judge for Different Number.*—Under the provisions of section 4018 of the Code, the clerk has no power or authority to issue a *venire facias* in a felony case directing the sheriff to summon twenty-six persons from a list of thirty names, unless the judge of the court, for good cause shown, has directed it, and a previous general order entered by the judge of the court of his own motion before the offense was committed cannot authorize the clerk to draw or have summoned a different number of jurors from that prescribed by the statute. The statute directs twenty to be drawn and sixteen to be summoned, but provides that "for good cause shown in any felony case, the judge of the court in term time or vacation may direct more than twenty names to be drawn and placed on the list." The provision cannot be departed from except as provided by the statute.

4. CRIMINAL LAW—*Venire—Wrong Number of Names—Intentional Selection.*—If the clerk, in obedience to an improper general order of the judge, makes out the *venire facias* in a felony case for and directs the summoning of a different number of jurors from that prescribed by section 4018 of the Code, this is an intentional irregularity, and not within the curative provisions of said section.

5. CRIMINAL LAW—*Venire Facias—Objection—Motion After Verdict.*—An objection to the action of the trial court in not directing a *venire facias* to be issued to complete the panel when a sufficient number of jurors was not obtained from the persons summoned and in attendance on the court, as required by section 4019 of the Code, comes too late after verdict.

6. CRIMINAL LAW—*Jurors—Selection—Statutory Provisions to Be Followed.*—The statutes in reference to the selection of jurors in felony cases were enacted, not only for the purpose of securing fit jurors, but to avoid even the suspicion of partiality or corruption in their selection. The fact that it may sometimes be inconvenient to the court or cause delay in the trial of a cause is no sufficient reason why they should not be strictly and rigidly enforced. The legislative intent in these matters should absolutely control the judiciary. The courts have no other duty to perform than to execute the legislative will without any regard to their own views as to the necessity or wisdom of the enactments.

Error to a judgment of the Circuit Court of Wise county.

*Reversed.*

The opinion states the case.

*Bond & Bruce* and *Alderson & Kilgore,* for the plaintiff in error.

*Samuel W. Williams, Attorney General,* for the Commonwealth.

BUCHANAN, J., delivered the opinion of the court.

The accused was indicted for murder in the circuit court for Wise county. Upon his trial he was found guilty of

murder in the second degree and his term of confinement in the penitentiary fixed at thirteen years, and judgment was entered in accordance with that finding. To that judgment this writ of error was awarded.

The action of the court refusing to quash the *venire facias* is assigned as error.

The first objection made to that writ is that the list of names furnished by the clerk to the sheriff from which to summon the jury for the trial of the accused was drawn in the presence of the Commonwealth's Attorney of the county, in violation of section 4018 of Pollard's Code.

By that section it is provided that the drawing of the names from the jury box to be placed upon such list shall be done in the presence of the judge of the court, or in his absence, in the presence of one of the court's commissioners in chancery designated by the judge of the court for that purpose by an order entered of record, and a reputable citizen not connected with the accused or the prosecutor, or in case of homicide, with the deceased; and if the presence of such commissioner cannot be obtained, such drawing shall be in the presence of two reputable citizens not connected with the accused, the prosecutor, or, in case of homicide, with the deceased. While section 3146 of the Code authorizes the drawing of juries in civil cases in the presence of the attorney for the Commonwealth, there is no authority for his presence when juries are to be drawn in felony cases. On the contrary, it is clear from section 4018 of the Code, when read in connection with section 3146, that such official was purposely not included among those who should attend the drawing of juries in felony cases. The reason for such omission is apparent. He is counsel for the Commonwealth, one of the parties to the proceeding in which the jury is to sit. It has always been the policy of our law, as far as human caution could reasonably provide, to see that the officials who select juries,

as well as the jurors themselves, should stand impartial and unprejudiced. To permit counsel on either side to take part in drawing a jury for the trial of a cause in which they are counsel would be to disregard that principle of the law, both common and statutory, which has always sought to guard the purity of the administration of justice from even the suspicion of partiality.

The rule of the common law is that no one should take part in the selection of jurors who does not stand indifferent between the parties, and there is nothing in our statutes which changes that rule. See *Woods* v. *Rowan, &c.,* 5 John. 133; *Munshower* v. *Patton,* 10 Serg. & R. (Penn.) 334, 13 Am. Dec. 678; *Peak* v. *State,* 50 N. J. Law 179, 12 Atl. Rep. 701, 705; *People* v. *Teague,* 106 N. C. 576, 11 S. E. 665; 24 Cyc. 226-7; 12 Enc. Pl. & Pr. 420.

Another objection made to the *venire facias* is that it directed the sheriff to summon twenty-six persons from a list of thirty names, instead of sixteen persons from a list of twenty names, as required by section 4018 of the Code.

It was held in *Jones' Case,* 100 Va. 842, 41 S. E. 951, that a *venire facias* which directs the summoning of a different number of jurors from that required by the statute in a felony case was invalid process. Since that decision section 4018 has been amended. It now provides that all names drawn from the jury box shall be placed on the list as drawn, except the names of persons who are dead, or have removed from the county or corporation, or are related to the accused or prosecutor, or, in case of homicide, to the deceased, or who are known by the clerk or other persons attending the drawing, if the case be in a circuit court of a county, to live within three miles of the place where the crime is charged to have been committed, and when twenty names have been so drawn and placed upon the list the drawing shall cease, and a copy of said list shall at once be made and signed by the clerk and the

persons attending the drawing, and filed in the clerk's
office.  It also provides that the *venire facias* shall com-
mand the sheriff to summon sixteen persons from the list
of names furnished him by the clerk, which shall contain
the names of twenty persons for that purpose.  That sec-
tion further provides that "for good cause shown in any
felony case, the judge of the court, in term time or vacation,
may direct more than twenty names to be drawn and
placed on the list  .  .  ."

No such order was entered in this case, and the action of
the clerk in drawing and placing thirty names on the list
was wholly unauthorized and in plain violation of the sec-
tion, unless, as claimed by the Attorney-General, the fol-
lowing order authorized the clerk's action:

"Virginia:

    "At a circuit court continued and held for Wise county
        at the courthouse thereof on Monday, April 24,
        1911.  Present: The same honorable judge pre-
        siding as on last Saturday.

    "On motion of the judge of this court, it is ordered that
the clerk of this court hereafter, in drawing the list of
*venire facias* for the trial of criminal cases, draw the names
of thirty persons, as required by law, and the sheriff shall
summon twenty-six persons from said list, as prescribed
by law."

That order was not entered in this or any other felony
case, but was a general order made upon the court's own
motion.  It was entered in April, 1911, nearly a year and a
half before the accused was indicted and long before the
homicide for which he was tried had been committed.  The
order was not only unauthorized, but in violation of the
provisions of section 4018, and furnished no authority for
the clerk's action in this case to draw and place upon the

list more than twenty names. The clerk not only had no authority to draw and place upon the list more than twenty names, but he was prohibited from doing so, for that section expressly declares that when twenty names have been drawn and placed upon the list "the drawing shall cease." *Looney's Case, ante.* p. 921.

It is clear under the *Jones Case, supra,* and the decisions cited in the opinion of the court in that case, that the motion to quash the *venire facias* on this ground ought to have been sustained, unless the failure to comply with the provisions of section 4018 in that respect is cured by the further provision contained in it; that "no irregularity or error in drawing the names, or in making out or copying or signing or failing to sign the list, or in summoning the persons named in the list, shall be cause for summoning a new panel or for setting aside a verdict or granting a new trial, unless objection thereto was made before the jury was sworn, and unless it appears that such irregularity or error or failure was intentional, or is such as to probably cause injustice to the Commonwealth or to the accused."

The objection to the *venire facias* was made before the jury was sworn, and there can be no question that the irregularity or error in drawing and placing upon the jury list more names than the statute authorized or permitted was intentional. This being so, it follows that the irregularity complained of is not within the curative provisions of section 4018, and that the court ought to have sustained the motion to quash the *venire facias* on that ground.

Whether or not the unauthorized presence of the Commonwealth's Attorney at the drawing of the jury was probably prejudicial to the accused need not be decided, as it is not likely to occur in drawing the next jury, and as the judgment complained of has to be reversed upon another ground.

Error is also assigned to the action of the court in not directing a *venire facias* to be issued to complete the panel when a sufficient number of jurors was not obtained from the persons summoned and in attendance on the court, as required by section 4018 of the Code. There being no objection to this action of the court until after the jury was sworn, indeed, until after the verdict found, it came too late, and the motion to set aside the verdict on that ground was properly overruled.

Error is assigned to the action of the court in giving instruction No. 4 asked for by the Commonwealth, and in refusing to give instruction No. 8 offered by the accused, as offered, and giving it as amended by the court. The ground of objection to these instructions, as given, is that they were based upon the theory that there was evidence tending to show that the defendant was at fault in bringing on the difficulty in which the homicide was committed, when in fact there was no such evidence. If this be true the instructions as given were erroneous, and upon the next trial, if there be no such evidence, instructions based upon that hypothesis ought not to be given.

As there are now in our hands six felony cases, either upon the docket or upon petition for writs of error, in which the principal errors assigned are based upon alleged violations or disregard of our statutory provisions in reference to the selection of jurors, it may not be improper for this court to impress upon the trial judge the great importance, if not absolute necessity, of seeing that these statutes are strictly complied with. Our statutory provisions on the subject are plain and not difficult to enforce. They were enacted, not only for the purpose of securing fit jurors, but to avoid even the suspicion of partiality or corruption in their selection. The fact that it may sometimes be inconvenient to the court or cause delay in the trial of a cause is no sufficient reason why the

statutes should not be strictly and rigidly enforced. The legislative intent in these matters should absolutely control the action of the judiciary. The courts have no other duty to perform than to execute the legislative will without any regard to their own views as to the necessity or wisdom of the enactments. Sedgwick on Stat. Constr. 325.

The judgment complained of must be reversed for failure to comply with the law in drawing the number of names to be placed on the jury list, the verdict set aside, and the cause remanded for a new trial, to be had not in conflict with the views expressed in this opinion.

*Reversed.*