## PORTER OLIPHANT *v.* THE STATE.*

### (*Nashville.* December Term, 1925.)

1. **JURY.**

That officer who summoned jury is witness in case or prosecuting witness is not necessarily ground for challenging jury. (*Post, p.* 137.)

Cases cited and approved: Quinebaug Bank v. Tarbox, 20 Conn., 510; State v. Barber, 13 Idaho, 65; People v. Felker, 61 Mich., 114; Grisson v. State, 16 Okl. Cr., 569; Harjo v. U. S., 1 Okl. Cr., 590; Patrick v. Commonwealth, 115 Va., 933.

Cases cited and distinguished: Koontz v. State, 10 Okl. Cr., 553; Jones v. Woodwarth, 24 S. D., 583.

Codes cited and construed: Secs. 5793, 5804, 5820, 5842 (S.).

2. **JURY.**

If sheriff is disqualified to summon jury, another disinterested person should be appointed, but it is error to appoint sheriff's deputies to summon jury. (*Post, p.* 137.)

3. **JURY.** Sheriff and deputies, entitled to half of fines imposed in liquor prosecution, are disqualified to select and summon jury to try defendant charged with possession and tranportation of liquor (Shan. Ann. Code, Sections 5793, 5804).

Where half of fines in liquor prosecution are appropriated to sheriff and deputies to pay expenses of enforcing prohibition laws they have financial interest in trial of defendant charged with possession and transportation of liquor, and are disqualified to select and summon the jury as provided by Shannon's Ann. Code, Sections 5793, 5804. (*Post, pp.* 137, 138.)

4. **JURY.** Challenge to array or motion to quash panel in writing is not necessary, where objection is only to certain jurors for cause (Shannon's Ann. Code, sections 5820, 5842).

Where defendant objected only to certain members of jury summoned by officers who were disqualified to summon them by reason

Oliphant v. State.

of their interest in result of case, he was entitled to challenge such jurors for cause without challenge to array or motion to quash panel in writing, in view of Shannon's Ann. Code, sections 5820, 5842. (*Post, p.* 138.)

5. **WITNESSES.**

Deputy sheriffs, financially interested in result of case, are not thereby disqualified as witnesses. (*Post, p.* 138.)

---

*Headnotes 1. Juries, 35 C. J., Section 240; 2. Juries, 35 C. J., Section 241; 3. Juries, 35 C. J., Section 240; 4. Juries, 35 C. J., Section 240; 5. Witnesses, 40 Cyc., p. 2281.

---

FROM DICKSON.

---

Error to the Circuit Court of Dickson County.—Hon. J. D. G. Morton, Judge.

Howard E. Brown, for plaintiff in error.

Ferriss C. Bailey, Assistant Attorney-General, for the State.

Mr. Justice Hall delivered the opinion of the Court.

The plaintiff in error, Porter Oliphant, hereinafter referred to as the defendant, was indicted in the circuit court of Dickson county at its December term, 1925, upon two counts.

The first count charged him with unlawfully possessing intoxicating liquors, and the second count charged him with unlawfully transporting intoxicating liquors from one point to another in the State.

To this indictment he pleaded not guilty, and was tried before the court and a jury at the same term of the court at which the indictment was returned, and found guilty as charged. He moved for a new trial and in arrest of judgment, which motions were overruled. Upon the verdict of guilty he was fined $100, and given a sentence of sixty days in the county jail. From this judgment he has appealed and assigned errors.

It appears that at the October term, 1923, of the quarterly county court of Dickson county a resolution was passed by that court appropriating one-half of all fines thereafter collected in cases growing out of the violation of the prohibition laws to the sheriff of the county to pay his expenses in his efforts to enforce the prohibition laws in said county. This resolution was readopted by said quarterly county court at its January term, 1924, and was in force at the time defendant was tried at the December term, 1925.

The record further discloses that it was the practice of the sheriff and his deputies in Dickson county to divide one-half of the fines so appropriated to the sheriff and collected in cases involving a violation of the prohibition laws under this resolution.

The record further discloses that at the October term, 1925, of the quarterly county court of Dickson county that court appointed twelve jurors, exclusive of the grand jury, to serve as such at the December term, 1925, of the circuit court of said county, as provided by section 5793 of Shannon's Annotated Code. In addition to this regular panel the records shows that on the first day of the term (December, 1925) the court directed the sheriff to summon from the body of the county six additional

jurors to serve during that term of the court.  Pursuant to this order the sheriff, or his deputies, summoned the following jurors, to-wit:  W. H. Baker, Earl Bishop, H. H. Orgain, C. H. Osborne, Charles Elliott, and J. J. Beck, all of whom appeared in court on the second day of the term, and were qualified in open court as talesmen to serve as jurors during that term.

When the instant case was called for trial, and after the State and defendant had announced ready, the defendant moved the court to have the regular jurors, who had been regularly appointed by the quarterly county court, to take their seats in the jury box.

The court overruled this motion, and directed that the record show that, prior to its being made, the instant case had been called for trial; that both the State and the defendant had announced ready, and the State had accepted the jury composed, in part, of the jurors hereinbefore named, who had been summoned by the sheriff, or his deputies, pursuant to the order of the court hereinbefore referred to.  To this action of the court the defendant excepted.

Thereupon the defendant challenged for cause the jurors who had been summoned by the sheriff, or his deputies, pursuant to the order of the court, because they were selected and summoned by officers financially interested in the event of the case, which motion the court overruled, and to which action of the court the defendant excepted.

The defendant then peremptorily challenged the jurors Beck, Orgain, and Elliott, thus exhausting the three challenges to which he was entitled under the statute.  He thereupon moved the court to exclude from the jury

the remaining jurors who had been summoned by the sheriff, or his deputies, pursuant to the order of the court hereinbefore referred to, because selected by officers who were financially interested in the event of the case. This motion was likewise overruled by the court, to which ruling the defendant excepted. The result was that the defendant was forced to go to trial before a jury composed, in part, of jurors selected and summoned by the sheriff in the manner hereinbefore stated, and with the result hereinbefore stated.

Defendant assigns for error the action of the court in overruling his challenges for cause of said jurors because they were selected and summoned by officers disqualified to do so by reason of their financial interest in the event of the case.

He also assigns as error the action of the trial judge in overruling his objection to the testimony of J. C. Berry, H. B. Peebles, and H. L. Hammon, deputy sheriffs of Dickson county, all of whom were offered on behalf of the State, and by whose testimony it was sought to establish the defendant's guilt, on the ground that each of them were shown to be financially interested in the event of the case, to which ruling of the court defendant duly excepted.

By section 5793 of Shannon's Annotated Code it is provided as follows:

"The county court of each county shall, at its quarterly session, held next preceding each term of the circuit court, appoint the jurors to serve at the next succeeding court, but no person shall be summoned or serve on the venire who has served on a venire for a period of two years preceding."

Section 5804 reads as follows:

"If the county court fail to nominate, or the persons nominated fail to attend, the court shall designate other good and lawful men, and direct the sheriff to summon them as jurors, and the person so summoned shall act as such."

By section 5820 it is provided:

"Either party to an action may challenge for cause any person presented as a petit juror, in either a civil or criminal proceeding, who is incompetent to act as a juror under the provisions of the foregoing article."

By section 5842 it is provided:

"When, by reason of challenges or any other cause, it is rendered necessary, the court may cause petit jurors to be summoned from the bystanders, or the county at large, either to supply the deficiency in juries or to form one or more entire juries, as the occasion requires."

In 16 R. C. L., section 50, p. 233, it is said:

"It is a well-settled rule, in the absence of a statute, that the right to a fair and impartial jury may not be impaired by the selection or summoning of the jury by an officer who is legally disqualified for the performance of such duty, and, accordingly, it is held that the disqualification of the proper officer necessitates the appointment of a substitute whenever the point is raised by a litigant. This rule is strictly enforced, and the disqualification of the officer is invariably held to be a ground for challenging the panel selected by him, so that the party prejudiced may be given an opportunity to have a jury selected by an impartial officer. It is the duty of the officer who summons jurors, or who selects and summons talesmen, to use his best efforts to secure men of

intelligence and good moral character; and in doing this he should act with entire impartiality between the prosecution and the defendant."

In 35 Corpus Juris, section 240, p. 276, it is said:

"It is essential to the fair and impartial administration of justice that the jury should be selected and summoned by officers having no interest in the matters to be decided by it. An officer is not qualified to act in summoning a jury if he is a party to the action, a relative, or an attorney of one of the parties, a relative of deceased in a homicide case, or if he is interested in the event of the action, although not a party of record."

To the same effect is *Quinebaug Bank* v. *Tarbox*, 20 Conn., 510; *State* v. *Barber*, 88 P., 418, 13 Idaho, 65; *People* v. *Felker*, 28 N. W., 83, 61 Mich., 114; *Grisson* v. *State*, 185 P., 452, 16 Okl. Cr., 569; *Harjo* v. *U. S.*, 98 P., 1021, 1 Okl. Cr., 590, 593, 20 L. R. A. (N. S.), 1013; *Patrick* v. *Commonwealth*, 78 S. E., 628, 115 Va., 933.

In *Koontz* v. *State*, 139 P., 842, 10 Okl. Cr., 553, Ann. Cas., 1916A, 689, it is said:

"It is essential to the fair and impartial administration of justice that an open or special venire should be summoned by an officer who is not disqualified by reason of interest, bias, or prejudice."

It appears, however, that in Oklahoma there is a statute providing that, when the panel is formed from persons whose names are not drawn as jurors, a challenge may be taken to the panel on account of the bias of any officer who summoned them, which would be a good ground to challenge a juror; such challenge to be made in the same form and determined in the same manner as if made to a juror.

In *Patrick* v. *Commonwealth,* supra, it was held that the rule of the common law is that no one should take part in the selection of jurors who does not stand indifferent between the parties, and that there is nothing in the Virginia statute which changes this rule.

In *People* v. *Felker,* supra, it was held that the right to an impartially selected jury is a common-law right, independent of any statute, and, where the summoning officer who selects the jurors is disqualified by reason of interest, is ground for challenge to the array.

In *Jones* v. *Woodwarth,* 124 N. W., 844, 24 S. D., 583, Ann. Cas., 1912A, 1134, it was said: "To permit the sheriff under such circumstances to summon the jury where he is a party to an action to be tried by them affords him opportunity to exercise an improper influence over them."

It is not, however, necessarily a ground of challenge that the officer who summoned the jury is a witness in the case, unless the statute so provides, or that he is the prosecuting witness, 35 Corpus Juris, section 240, p. 277.

If the sheriff is disqualified to act, the jury should be summoned by the coroner, or by such other disinterested person as the court may appoint, but it is error for the court to appoint one of the sheriff's deputies to summon the jury. The court may properly appoint an elisor if there is no coroner, or if the coroner is also disqualified. 35 Corpus Juris, section 241, pp. 277, 278.

We think the sheriff and his deputies, by reason of their financial interest in the event of the instant case, were disqualified to select and summon any of the jurors before whom the defendant was tried. It is highly proper to the fair and impartial administration of justice that

the jury shall be selected by officers who are not interested in the event of the case. It is only by a strict observance of this rule that fairness and impartiality in jury trials can be accomplished and maintained. Every reasonable safeguard should be employed to protect juries from improper influences that might in anywise affect them in their judgment in the trial of cases, both civil and criminal. This is the only way that the integrity of jury trials can be preserved.

It was not necessary that defendant should challenge the array, or move to quash the panel in writing, as insisted by the State. Defendant's objection did not go to the whole jury, but only to certain members of the jury who had been summoned by officers who were disqualified to summon them by reason of their interest in the result of the case, and the defendant was entitled to challenge these jurors for cause, and his challenges should have been sustained.

As to the defendant's contention that the Deputy Sheriffs Berry, Peebles, and Hammon were incompetent to testify on behalf of the State because of their interest in the result of the case, we are of the opinion that this contention is not well grounded. Counsel for defendant cite no authority, and we know of none, holding that a witness is incompetent to testify in a case, such as the one under consideration, by reason of his interest.

However, it results that, for the error of the court in overruling defendant's challenges for cause of the jurors selected and summoned by the sheriff, or his deputies, who were financially interested in the result of the case, the judgment will be reversed, and the case remanded for a new trial.