The plaintiff brought this action on the common counts to recover for goods and merchandise sold and delivered. The defendant filed a general appearance. This was followed by a plea in abatement upon the ground that "there was and now is pending in the Circuit Court, Small Claims Division for the Fifteenth Circuit, [an action] . . . between the same parties [to] this action and for the same cause of action as set forth in the complaint." The plea further recites: "Judgment was entered in said action on February 26, 1962, and a nominal order of One Dollar ($1) per week was granted, which order has been and is being fully complied with." The plaintiff in effect admitted practically all the allegations in the plea except that he "denies so much of the defendant's plea in abatement as alleges that such action is now pending."
"The issues [in this case] are presented on a record notable for its departure from established procedure." Mayron's Bake Shops, Inc. v. ArrowStores, Inc., 149 Conn. 149, 151. We are met at the outset of our consideration of the court's ruling sustaining *Page 367 
the plea in abatement with a question of pleading. The plaintiff failed to comply with § 31 of the Practice Book, captioned "Common counts," which requires him to file a substitute complaint, or an amendment, "showing his cause of action as fully as is required in other cases." "This incomplete form of complaint [common counts] was allowed, as stated in the prefatory note to the Practice Act, `as a mode of instituting an action,' and, as stated in the rules of court, `for the commencement of an action, when any of these counts is an appropriate general statement of the cause of action.' . . . But the rule, while allowing this mode of instituting an action, does not contemplate permitting such incomplete form to call for any answer from the defendant, or even to support a judgment by default. On the other hand it treats the form as rather in the nature of a summons, requiring a full complaint to be filed on return of the writ. This may be done, either by filing a bill of particulars and striking out all counts not applicable thereto, or by amending the complaint by filing a substituted complaint, or such other amendment as may be necessary to show the cause of action as fully as is required in other cases; and such amendment (being analogous to a complaint filed upon return of a summons, when actions are commenced by summons only) must be made after return of the writ and before the defendant is called upon to plead, or a default can be taken. When parties fail to observe the rule, it should be enforced by trial courts." New York Breweries Corporation v. Baker,68 Conn. 337, 343. "A common-counts writ issued pursuant to . . . [ § 52-113] of the General Statutes . . . does not constitute per se a proper and sufficient complaint but serves as a summons, affording the plaintiff opportunity within a limited time to file his proper complaint after the return day. . . . *Page 368 
The plaintiff's substituted complaint was essential `to show the true nature of his demand.'" Samasko
v. Davis, 135 Conn. 377, 382.
None of the pleadings or files in the former action was introduced in evidence in this action. Nor do any of them appear in the record on this appeal. There is no way by which we may know whether the subject matter of the former action is the same as this. "To furnish ground for a plea in abatement on account of the pendency of a prior suit, it is indispensable that both suits be of the same character, between the same parties, and brought to obtain the same end or object. In other words, it must appear that the second suit is oppressive and vexatious because there is no necessity for it." La Croix
v. County Commissioners, 50 Conn. 321, 326; seeQuinebaug Bank v. Tarbox, 20 Conn. 510, 515; 1 C.J.S., Abatement and Revival, § 40; Gould, Pleading (6th Ed.) p. 459. The suits must be of the same character, and for the same cause and relief. If the action pleaded in abatement has not yet been entered, or if the declaration is not yet filed, or the writ does not show the cause of action, the ground of abatement is not made out. Note, 84 Am. Dec. 452, 454, and cases cited. The difficulty here is that the subject of controversy in the second action is still uncertain. The plaintiff in that action might file any substituted complaint consistent with the summons. See Phelps v. Gee, 29 Hun 202 (N.Y.). And although the judgment file recites that the issues on the plea in abatement were found in favor of the defendant, the court lacked sufficient material to make a determination that the two actions are "for the same thing." Quinebaug Bank v.Tarbox, supra. There is nothing in the record before us which tends to establish this prime essential and indispensable requisite of a successful plea of another action pending. *Page 369 
The plaintiff's motion to set aside the judgment upon the ground that the defendant failed to file his brief within the time limited by the rules (Cir.Ct. Rule 7.45.1) is an improper motion and cannot be considered. The proper method is by motion to dismiss the appeal. Cir. Ct. Rule 7.37.1.
 There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.
In this opinion PRUYN and KINMONTH, JS., concurred.