IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1999 SESSION

FILED

August 25, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

GARY WILLIAM HOLT,     )
     )     No. 03C01-9808-CR-00279
     Appellant,     )
     )     Hamilton County
v.     )
     )     Honorable Douglas A. Meyer, Judge
STATE OF TENNESSEE,     )
     )     (Post-Conviction)
     Appellee.     )

FOR THE APPELLANT:

JOHN ALLEN BROOKS
736 Georgia Avenue
Suite 600
Chattanooga, TN 37402
(Elbow Counsel)

GARY WILLIAM HOLT, pro se
TDOC #105031
South Central Correctional Center
P. O. Box 279
Clifton, TN 38425-5346

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

R. STEPHEN JOBE
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM H. COX, III
District Attorney General

YOLANDA D. MITCHELL
Assistant District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

## O P I N I O N

The petitioner, Gary William Holt, has appealed as of right from the denial of post-conviction relief. He claims that the bystander jury process utilized during his trial violated his rights to due process and to an impartial jury. Based upon our review of this matter, as well as the applicable law, we affirm the decision of the trial court.

The petitioner was convicted of armed robbery in August 1977 and sentenced to life imprisonment. This Court affirmed his conviction and sentence in March 1979. The Tennessee Supreme Court denied permission to appeal further in July 1979. The United States Supreme Court denied certiorari in October 1979. This appeal arose from Holt's third petition for post-conviction relief. See Gary William Holt v. State, No. 1089, 1989 WL 12313 (Tenn. Crim. App., Knoxville, Feb. 15, 1989), perm. app. denied (Tenn. 1989) (appeal from denial of second petition for post-conviction relief); Gary William Holt v. State, No. 20, 1989 WL 5971 (Tenn. Crim. App., Knoxville, Jan. 26, 1989) (appeal from denial of petition for writ of habeas corpus in state courts); see also Holt v. Reynolds, 47 F.3d 1169 (6th Cir. 1995) (appeal from grant of writ of habeas corpus in federal court). The present petition for post-conviction relief was filed on June 23, 1989. The petition alleged Holt was denied due process and the right to an impartial jury through the bystander juror summoning process employed at his trial.

### FACTS OF THE CASE

At Holt's trial, the venire was exhausted before a complete jury was selected. The trial court directed the sheriff to order a deputy not involved in Holt's case to select two potential jurors as allowed in Tenn. Code Ann. § 22-2-308(a)(2). The court stated:

> Now, we are going to have to start picking up jurors, and I will direct the sheriff to direct one of his officers not involved in the trial of this case to pick up some jurors and we will have them here at one o'clock. Sheriff, I guess two ought to be enough to start with, and have some officer not involved to pick up two more people and bring them here at one o'clock.

The record from Holt's trial does not provide a clear picture of the procedure used

2

to select the two potential jurors summoned according to the provisions of the bystander jury statute. However, two potential jurors arrived at the court after the noon recess. One potential juror was excused for medical reasons; the other, Becky Dockery, was seated on the panel after voir dire was completed.

Three individuals testified at the post-conviction hearing: Larry Wallace, McMinn County Sheriff at the time of Holt's trial; Jerry Estes, Holt's trial counsel; and, Holt himself. Wallace stated he did not recall a deputy selecting bystander jurors at Holt's trial. According to Wallace, one of the deputy sheriffs who acted as a court officer probably selected the two potential jurors. These deputies worked for the court, even though they were technically employed by the sheriff's department. Detective David Guy handled the majority of the investigation in Holt's case, and it would have been very unlikely for him to have worked with any of the court officers during an investigation.

Estes testified he did not recall if a deputy summoned bystander jurors at Holt's trial. Estes further stated he discussed voir dire tactics with counsel for a co-defendant and with Holt. If any problems had arisen during the process, he would have raised the issue on appeal.

Holt testified he remembered that Sergeant Sidney Matthews was the deputy sent to summon jurors at his trial. Holt further stated Matthews was involved in the investigation of his case. According to Holt, Matthews helped look for a discarded license plate introduced the morning of Holt's trial. Holt remembered seeing Matthews with mud on his boots from the area of the search. Holt also indicated Matthews told him he was involved in the investigation. Matthews did not, however, testify at Holt's trial.

After considering the testimony presented at the post-conviction hearing, the trial court denied Holt's petition for relief. Holt timely appealed.

## DISCUSSION OF LAW

I. The post-conviction court erred in not finding that the bystander juror selection procedure utilized in the instant case violated appellant's constitutionally secured due process rights.

II. The post-conviction court erred in not finding that the trial court was without jurisdiction to try the instant case when it failed to complete the trial by insuring the defendant his Sixth Amendment right to a fair and impartial jury.

Holt argues the bystander juror summoning procedure violated his due process rights. Specifically, he argues the trial court erred in requiring the sheriff to direct a deputy to summon two bystander jurors. Holt asserts the sheriff and his deputies, as interested parties, could not participate in the jury selection process without infringing upon Holt's due process rights.

When a sufficient number of persons cannot be chosen from the venire, Tenn. Code Ann. § 22-2-308(a)(2) provides the court "may, if the judge thinks proper, direct the sheriff, to summon a sufficient number [of potential jurors] to complete the jur[y]."

In State v. Coury, 697 S.W.2d 373 (Tenn. Crim. App.), perm. app. denied (Tenn. 1985), this Court held the bystander jury selection procedure employed at trial was not grounds for reversal where the defendant was not forced to accept an incompetent juror. Coury, 697 S.W.2d at 378-79. In an appeal from a denial of a writ of habeas corpus arising out of the same case, the Sixth Circuit addressed the constitutionality of Tennessee's bystander jury statute. See Coury v. Livesay, 868 F.2d 842 (6th Cir. 1989). The Sixth Circuit held the bystander juror selection process used in Coury did not deprive the defendant of any constitutional rights. Coury, 868 F.2d at 845. In selecting prospective jurors, individuals were chosen in a random, objective manner. Further, the investigating officers involved in Coury's case did not personally execute the judge's order, but rather delegated this responsibility to another division of the sheriff's department, one not involved in investigation or prosecution of any defendant. Id. For these reasons, the Sixth Circuit held, under the facts of Coury's case, the bystander jury process as applied was not unconstitutional. Id.

4

In the case *sub judice*, there is no indication from the record before us that the bystander jury procedures were applied unconstitutionally. Wallace testified a sheriff's deputy assigned to the court was likely the person who selected the two potential jurors. Such a person would not have been involved with the investigation or prosecution of cases. During voir dire, Dockery, the bystander juror seated on the panel, stated she did not know what the case was about, nor had anyone spoken to her about the case. Although at the post-conviction hearing Holt stated the deputy who selected the two potential jurors was involved in the investigation of his case, Holt provided no evidence other than his own testimony. The record shows Matthews did not testify at Holt's trial, contradicting Holt's assertion of Matthews's importance to the case against him.

Any conflicts in testimony, and other evidence presented, are properly resolved by the trier of fact. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). Those factual findings are conclusive on appeal unless the evidence in the record preponderates against them. State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983), perm. app. denied (Tenn. 1984). Applying the facts of the case *sub judice* to the rules propounded in our decision in State v. Coury and the Sixth Circuit decision in Coury v. Livesay, we find no error in the trial court's decision to deny post-conviction relief.

This assignment has no merit.

III. The post-conviction court erred in refusing to allow appellant to argue that he had received ineffective assistance of counsel at the trial of this case on the premise that the ground for relief had been previously determined.

Here, Holt argues the trial court erred in refusing to allow him to argue and present evidence that he received ineffective assistance of counsel at trial.

The Post-Conviction Relief Act provides a ground for relief is previously determined "if a court of competent jurisdiction has ruled on the merits after a full and fair hearing."

5

Tenn. Code Ann. § 40-30-112(a) (repealed 1995). The State correctly asserts the issue of ineffective assistance of counsel was determined during the proceedings for Holt's second petition for post-conviction relief. After conducting a hearing, the trial court found the issue was without merit. This Court affirmed the trial court's judgment on appeal. Gary William Holt v. State, No. 1089, 1989 WL 12313 (Tenn. Crim. App., Knoxville, Feb. 15, 1989), perm. app. denied (Tenn. 1989). Holt argues his ineffective assistance of counsel claim did not arise until the Sixth Circuit's decision in Coury v. Livesay, issued February 23, 1989. Coury, 868 F.2d at 842. However, as Holt's present petition states, his claim arose from the language of the Tennessee Supreme Court's decision in Oliphant v. State, 153 Tenn. 130, 135, 282 S.W.2d 206, 209 (1926) (disqualifying sheriff and deputies from summoning jurors in certain cases), issued April 10, 1926.

Holt was afforded an opportunity to present his constitutional claims in a full and fair hearing in a previous petition for relief and is therefore barred from doing so here. See House v. State, 911 S.W.2d 705, 710-13 (Tenn. 1995) (barring second petition for post-conviction relief alleging ineffectiveness of trial counsel as previously determined because petitioner received a "full and fair hearing" on his original post-conviction petition, which also alleged ineffectiveness of counsel).

This assignment has no merit.

IV. The post-conviction court erred in refusing to allow the appellant to establish his actual innocence as a part of his proof to show that he suffered actual bias in the juror selection utilized at his trial.

Here, Holt argues the trial court erred in refusing to allow him to present testimony concerning the evidence supporting his conviction. According to Holt, he offered this testimony to establish his innocence in order to overcome any procedural default. Holt has failed to cite a specific portion of the record in which he finds error. Accordingly, he has waived consideration of the issue in this appeal. Tenn. Ct. Crim. App. R. 10(b); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App.), perm. app. denied (Tenn. 1988).

6

As for Holt's claim his testimony was offered to establish his actual innocence to overcome a procedural default, the State correctly points out an appeal from a denial for post-conviction relief is not the proper avenue for this claim.  See Rust v. Zent, 17 F.3d 155, 162 (6th Cir. 1994) (stating federal court may grant habeas relief if petitioner presents extraordinary case whereby constitutional violation resulted in conviction of innocent defendant, in such case procedural failures in state court may be overlooked).

This assignment has no merit.

For the foregoing reasons, we affirm the decision of the court below.


_____
ALAN E.  GLENN, JUDGE


CONCUR:


_____
JAMES CURWOOD WITT, JR., JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE