## Richmond.

THOMAS WALKER V. COMMONWEALTH AND CAIN WALKER
V. COMMONWEALTH.

January 19, 1922.

Absent, Saunders, J.

APPEAL AND ERROR—*New Trial—Evidence to Support Conviction of Illegal Manufacture of Ardent Spirits—Case at Bar.*—Under Code of 1919, section 6363, the Supreme Court of Appeals is inhibited from setting aside a verdict approved by the trial court unless it appears from the evidence that such judgment is plainly wrong and without evidence to support it. In the instant case, the court held that to reverse the conviction of accused for the illegal manufacture of ardent spirits would be to disregard this provision.

Error to a judgment of the Circuit Court of Charlotte county.

*Affirmed.*

The opinion states the case.

*Hutcheson & Early,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

Thomas Walker and Cain Walker were separately indicted and were each convicted of the illegal manufacture of ardent spirits upon identical testimony, and the cases can be disposed of here by one opinion.

The only assignment of error is that the verdict is contrary to the evidence.

The evidence for the Commonwealth shows that three officers had been sent to investigate rumors that there was a still in the neighborhood of Red Oak, in Charlotte county. In their search they came to a point on a hillside from which they could look down on a small clearing about forty yards away. In this clearing they saw a large number of barrels and three colored men going from barrel to barrel and looking into them as if examining their contents. They clearly and positively identified Thomas Walker and Cain Walker as two of these men. After a few minutes all three of the colored men left and the officers then went down to the clearing and found twenty-seven barrels containing mash, or beer, which contains alcohol, will produce intoxication, and which is commonly used in the manufacture of corn whiskey. Two of the officers hid among the barrels, after first moving one barrel so as to cover a gap through which they might be seen by any one approaching on the path by which the colored men had left. The third officer went a short distance away and hid in the bushes. About half an hour later, the defendants came down the path by which they had shortly before left, and just before they reached the barrels one of them said, "Somebody has moved this barrel." The officers then disclosed themselves and arrested them. All the parts of a still were found concealed in the bushes at another clearing about a quarter of a mile away, and about sixty yards from a negro dwelling to which the officers took the prisoners at their request, so that they might notify their families of their arrest. It developed afterwards that this dwelling was not the home of the defendants.

Both of the accused denied having been at the place where the mash was discovered prior to their arrest, and Thomas Walker stated that he was at the house above referred to,

to get his mother-in-law to nurse and look after his wife who was about to be confined; that there he met Cain Walker and started back with him, and on their way looked up the path from a point where two paths joined and saw some barrels, and that he and Cain Walker went up this path merely as a matter of curiosity and while thus engaged they were arrested. It appears, however, from the testimony of the Commonwealth's witnesses that because of the intervening bushes it would have been impossible for him to see the barrels from the point at which he testified he saw them. Cain Walker undertook to explain his presence by saying that he had been out looking for a stray mule. The path referred to terminated at the barrels, was well beaten and showed constant use. These defendants were fully identified by the witnesses for the Commonwealth, and the trial jury heard and considered their testimony in denial of the natural inferences to be derived from their presence, knowledge of, and apparent interest in, care of and attention to the barrels containing the mash from which whiskey was to be manufactured at that place.

Under Code 1919, section 6363, this court is inhibited from setting aside a verdict approved by the trial court unless it appears from the evidence that such judgment is plainly wrong and without evidence to support it. To reverse these convictions would be to disregard this statute.

*Affirmed.*