## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### L. L. GRAY V. COMMONWEALTH.

March 16, 1922.

Absent, West, J.

1. JURY—*Jurors Summoned to Try a Felony Case Used to Constitute the Jury to Try a Misdemeanor Case—Section 4895, Code of 1919.*—By the express terms of section 4895, Code of 1919, jurors summoned to try a felony case, and in attendance upon the courts, are authorized to be used to constitute the jury to try any misdemeanor case to be tried at the same term of court, notwithstanding that by sections 5992 and 5993, of the Code of 1919, a different method for the empaneling of juries for the trial of misdemeanor cases is provided.

2. JURY—*Misdemeanor Cases—Methods of Empaneling.*—Upon the trial of a misdemeanor case either the method provided for empaneling a jury under sections 5992 and 5993, of the Code of 1919, may be used, or the method provided by section 4895, of the Code of 1919.

3. INTOXICATING LIQUORS—*Admissibility of Evidence—Ownership of Restaurant*—Upon a prosecution for illegal sale of liquor where there was other evidence indicating that accused was the owner of a restaurant, testimony of a witness that he purchased ardent spirits at the restaurant from another than accused is admissible.

Error to a judgment of the Hustings Court of the city of Portsmouth.

*Affirmed.*

There was in this case a trial by jury, resulting in a verdict finding the accused guilty of selling ardent spirits, as charged in the indictment, and fixing his punishment at six months in jail and a fine of $500.00. The judgment under review was entered accordingly.

There is no assignment of error which challenges the sufficiency of the evidence to support the verdict. Therefore, no statement of the facts touching the merits of the case is deemed necessary.

*S. M. Brandt, Roland Thorp* and *Richard J. Davis,* for the plaintiff in error.

*John R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

This case was argued orally before us, along with the cases of *Rudd* v. *Commonwealth, post,* p. 783, 111 S. E. 270, and *Walker* v. *Commonwealth, post,* p. 819, 111 S. E. 274, decided at this term of court.

1. The first and fourth assignments of error in the instant case (the first concerning the motion for a change of venue, and the fourth concerning an instruction asked by the accused and refused, but modified, and given by the court as modified) are precisely the same as the first and fourth assignments of error dealt with in the case last mentioned, of *Walker* v. *Commonwealth,* and we here refer to what is said in the opinion of the court in that case for the details of our holding in this upon such first and fourth assignments of error. It is sufficient to say here that we find no merit in either of such assignments.

2. The second assignment of error in the instant case concerns the refusal of the court to quash the *venire facias* by which the jurors were summoned to try the felony case of Joe Foster.

This is the same *venire facias* which is involved in the

*Rudd Case,* as the first *venire facias* awarded therein; and is the same *venire facias* as that which is involved in the *Walker Case.* In the instant case, as in the *Walker Case,* the jurors were all obtained from those in attendance upon the court who had been summoned by the *venire facias* to try the felony case of Joe Foster.

The assignment of error now under consideration is that the court erred in refusing to quash the *venire facias* last mentioned "for the reason that the said *venire facias* was not issued in accordance with sections 5992 and 5993 of the Code of Virginia, in that a greater number of talesmen were summoned than provided by section 5992."

It will be observed that this is a different assignment of error from those in the *Rudd* and *Walker Cases* on the subject of the *venire;* but it is equally without merit, although for a somewhat different reason.

[1, 2] Sections 5992 and 5993 of the Code do provide a method for the empaneling of juries for the trial of misdemeanor cases; but that is not the only method provided by statute for that purpose. As pointed out in the opinion in the *Rudd Case,* by the express terms of section 4895, jurors summoned to try a felony case, and in attendance upon the courts, are authorized to be used to constitute the jury to try any misdemeanor case to be tried at the same term of court. Thus, another method of obtaining juries for the trial of misdemeanor cases is provided for by statute. Either method may be used by the trial courts. The latter method was used in the instant case, as it was in the *Walker Case.*

There remains but one other assignment of error for our consideration in the instant case, and that is this:

[3] 3. It is alleged that the court erred in admitting in evidence the testimony of one Cohen to the effect that, on December 31, 1920, in a certain restaurant known as "Hogshead Station," in charge of one O. V. Foy, the said

Cohen bought a drink of liquor; such testimony being inadmissible in evidence for the reason, as it is claimed, that the testimony did not tend to connect the accused with the alleged sale of liquor and did not show that the sale was made by a duly authorized agent of the accused or with his knowledge or consent.

There was other testimony for the Commonwealth, however, bearing on this subject. That testimony was given by this same witness, Cohen, and was to the following effect: Cohen testified that, on January 1, 1921, the very next day after the purchase of the drink of liquor by him of Foy in the restaurant above mentioned, as stated in his testimony objected to, he, Cohen, came again to the same restaurant and found the accused there and acting as if he were the proprietor of the business. That witness engaged the accused in conversation, and during the conversation the witness saw whiskey being sold. That witness asked the accused if witness "could have a bottle of corn whiskey," and the accused "called O. V. Foy, and Foy came over and brought the bottle of whiskey for him," and witness paid Foy $4.00 for it in the presence of the accused. That the accused told witness that he, the accused, "was the owner of the place, and that the name of O. V. Foy was just a blind  *  *  *."

Such being the evidence, it is plain that the assignment of error under consideration has no merit in it.

The case will be affirmed.

*Affirmed.*