## Richmond.

## WILLIAM R. WALKER V. COMMONWEALTH.

March 16, 1922.

Absent, West, J.

1. CHANGE OF VENUE—*Change on the Ground of Prejudice—Necessity of Evidence to Support Motion for Change.*—Upon a motion for a change of venue upon the ground that owing to local prejudice against accused he could not obtain a fair trial in the city where indicted, no evidence was introduced by the accused or the Commonwealth upon the motion, the accused contenting himself with presenting to the court below merely the argument of his counsel on the subject.

   *Held:* That the court did not err in refusing to change the venue.

2. INTOXICATING LIQUORS—*Agency—Master and Servant—Liability of Master or Principal—Case at Bar.*—Upon a prosecution of the proprietor of a restaurant for selling intoxicating liquors, a witness testified that he bought a bottle of corn whiskey at the restaurant from a waiter employed by the accused. There was other testimony to the effect that accused, the day after this transaction, in conversation with this witness and another, asked the witness how he liked the corn whiskey he got; said that he was keeping away from his restaurant because there was trouble in town at that time, and also stated that the waiter worked for him.

   *Held:* That this evidence was sufficient to warrant the jury in finding that the sale of the whiskey by the waiter was not only within the scope of his employment as a servant of the accused, but was in fact authorized by the accused.

3. INTOXICATING LIQUORS—*Master and Servant—Principal and Agent—Liability of Principal or Master for Acts of Servant or Agent.*—A principal or master is criminally responsible for the illegal sale of liquor by his agent or servant acting within the scope of his employment, or authorized to make the sale.

4. DETECTIVES—*Instructions—Weight to be Given to Evidence of Detectives.*—In a prosecution for the sale of ardent spirits, an instruction that "the testimony of a paid detective, who invites the commission of crime in order to detect the commission

thereof, is of a kind with that of a person in interest, and should be scrutinized closely and received with great caution," is not erroneous, and in the instant case was rather more favorable to the accused than the one asked by him to the effect that such testimony "is always to be received with the greatest caution."

Error to a judgment of the Hustings Court of the city of Portsmouth.

*Affirmed.*

There was in this case a trial by jury, resulting in a verdict finding the accused guilty of selling ardent spirits as charged in the indictment and fixing his punishment at six months in jail and a fine of $500.00. The judgment under review was entered accordingly.

There is no assignment of error which challenges the sufficiency of the evidence to support the verdict. Therefore, no statement of the facts touching the merits of the case is deemed necessary.

*S. M. Brandt, Roland Thorp,* and *Richard Davis,* for the plaintiff in error.

*Jno. R. Saunders, Attorney General; J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

This case was argued orally before us along with the case of *Rudd* v. *Commonwealth, ante,* p. 783, 111 S. E. 270, decided at this term of court.

The first and second assignments of error in the case in judgment are in precisely the same language and allege the same errors as are alleged in the first and second assign-

ments of error in the case of *Rudd* v. *Commonwealth*—the first assignment concerning the refusal of the court to change the venue, and the second assignment concerning the refusal of the court to quash the *venire facias.* There are only the following differences between the two cases, in so far as these subjects are concerned, namely:

[1] 1. In the *Rudd Case,* evidence was introduced by the accused to sustain the motion for a change of venue, and the Commonwealth introduced evidence combating the motion. In the case now before us, no evidence was introduced by the accused or the Commonwealth upon such motion, the accused contenting himself with presenting to the court below merely the argument of his counsel on the subject.

Reference is here made to the *Rudd Case* for the ground on which the motion for change of venue was there based, and for our views upon the subject, even if there were evidence in the instant case such as there was in the *Rudd Case.* The court in the instant case did not decline to hear evidence on the motion. It merely acted upon the motion as presented without evidence to support it. *A fortiori,* we are clearly of opinion that the court did not err in the instant case in refusing to change the venue.

2. In the instant case, as in the *Rudd Case,* jurors summoned and in attendance upon the court for the trial of felony cases were used to try the misdemeanor case in question. The assignment of error in the instant case, with respect to the action of the court in refusing to quash the *venire facias,* is, however, a total misfit when applied to the facts of this case. The assignment of error just mentioned is to the refusal of the court to quash the second *venire facias.* This was applicable in the *Rudd Case,* but is totally inapplicable in the instant case, because in the latter case there was no second *venire facias.* There was but one *venire facias,* which was the same as the first *venire*

*facias* involved in the *Rudd Case.* The jurors in the instant case were all obtained from those in attendance upon the court who had been summoned by such first *venire facias.* It is obvious, therefore, that there is no merit in this assignment of error in the instant case.

There are two assignments of error which pertain to the individual case, and which will be dealt with in their order as stated below.

[2, 3] 3. It is assigned as error that the trial court admitted in evidence the testimony of one Cohen, to the effect that on December 31, 1920, the said Cohen, in the place of business of the accused, to-wit, a restaurant, known as "Walker's Cafe," bought a bottle of corn whiskey, which was delivered to Cohen by one John Daley, a waiter, employed by the accused in said restaurant business—on the ground that such purchase occurred in the absence of the accused and that there is no evidence in the case to show that the sale was within the scope of Daley's employment, so as to render the accused responsible for the criminal act of Daley.

There was other testimony for the Commonwealth, however, which was to the effect that the next day after the purchase of the liquor just mentioned, the accused, in a conversation with Cohen and another witness, who was with Cohen when the latter bought the whiskey, made the following statement:

"I hear you were down to my place last night; how did you like the corn whiskey you got?"

And in this same conversation, the accused, according to the testimony for the Commonwealth, also said that he was keeping away from his restaurant because "there was trouble in town at the time;" that his restaurant was being watched; and the accused, in that conversation, stated also "that Daley worked for him."

We are of opinion that this testimony was sufficient evidence to warrant the jury in finding that the sale of the

whiskey by Daley was not only within the scope of his employment as the servant of the accused, but was in fact authorized by the accused. That being true, the accused was, of course, responsible for such criminal act. Hence we find no merit in the assignment of error under consideration.

[4] 4. The accused requested the court to give the following instruction:

"The court instructs the jury that the testimony of a paid detective, which invites the commission of crime in order to detect the commission thereof, is always to be received with the greatest caution."

The court refused to give the instruction as asked, but amended it and gave the instruction in the following form:

"The court instructs the jury that the testimony of a paid detective, who invites the commission of crime in order to detect the commission thereof, is of a kind with that of a person in interest, and should be scrutinized closely and received with great caution."

It is urged in behalf of the accused that the modification of the instruction "tended to make the same involved and difficult to understand." We do not so regard the modification. Without entering upon a consideration of the subject of what may be all of the reasons for the rule enunciated by the instruction as offered, we deem it sufficient to say that the instruction, as given, seems to us to be very clear in its meaning, and rather more favorable to the accused than in the form in which it was offered. Certainly, we perceive nothing harmful to the accused in the modification made.

The case will be affirmed.

*Affirmed.*