## Staunton.

### J. S. NEAL, ET AL., V. COMMONWEALTH.

September 29, 1922.

INTOXICATING LIQUORS—*Appeal and Error—Evidence Held Sufficient to Support Conviction—Case at Bar.*—In the instant case, a prosecution for violation of section 3 of the prohibition act, testimony for the Commonwealth tended to establish that certain officers were out looking for defendants; that they saw three men riding towards them in the county road, two on mules and one on a horse, each of them carrying a bulky load on his saddle. These riders turned and rode off in the opposite direction. A few minutes later two of the defendants approached from the direction in which the riders had disappeared, one on a horse and the other on a mule, and were arrested and searched, but no ardent spirits were found in their possession. After the arrest the officers went up the road to look for the third man, and found the third defendant standing in a fence corner holding a mule. A few feet from him the officers found the ardent spirits in five-gallon jugs, each in a sack, and the sacks bound together in such a way as to make a convenient load to carry. Defendants denied having anything to do with the liquor, and denied having been the three men who first encountered the officers.

*Held:* That it could not be said that a verdict of guilty was plainly wrong or without evidence to support it.

Error to a judgment of the Circuit Court of Wise county.

*Affirmed.*

The opinion states the case.

*Kilgore & Dotson*, for the plaintiffs in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General*, and *Leon M. Bazile, Second Assistant Attorney-General*, for the Commonwealth.

KELLY, P., delivered the opinion of the court.

J. S. Neal, W. M. Neal and Carl Poteet were jointly indicted, tried and convicted for a violation of section 3 of the State prohibition law (Acts 1918, c. 388).

The assignments of error present the single question of the sufficiency of the evidence to sustain the verdict of the jury.

The testimony introduced on behalf of the Commonwealth tended materially to establish, and fully warranted the jury in finding, the following facts: Certain Wise county officers were out at night looking for these three defendants. About two o'clock in the morning they saw three men, riding two mules and a horse, respectively, coming toward them in the county road. These three men were then about forty yards from the officers, and each of them was carrying a bulky load on his saddle. Apparently because they discovered the presence of the officers, the three riders turned and rode off in the opposite direction. A few minutes later two of the defendants, J. S. and W. M. Neal, one on a horse and the other on a mule, came down the road from the direction in which the riders had previously disappeared. They were arrested and searched, but had no ardent spirits in their possession. They were held in custody, however, by some of the officers while others went up the road to look for the third man, and they soon found the defendant, Poteet, standing in a fence corner holding a mule. A few feet from him the officers found two five-gallon jugs of whiskey, each in a sack and the two sacks bound together in such a way as to make a convenient load to carry on a saddle. No other whiskey was found that night, but the three men were taken to a near-by town, and early next morning some of these same officers went back to the scene and found two more

loads of whiskey—four five-gallon jugs ·in sacks, bound together like the first load—lying on the ground a short distance from the road.   Leading out from the road to these two loads of whiskey they found the tracks of a horse and a mule.

The defendants denied having anything to do with the whiskey, and denied having been the three men who first encountered the officers and turned back.   They further claimed to have met two horsemen a short distance from the scene of the arrest, riding in an opposite direction and going at a "pretty good gait."   They further explained that Poteet had stopped on the road where the officers found him to attend to a call of nature. Their effort to explain the occasion of their trip that night and to account for their whereabouts and movements just prior to their arrest was not very satisfactory.

Without going into any further detail as to the evidence, it is sufficient to say that the case is one in which we cannot say that the verdict was plainly wrong or without evidence to support it, and in which we cannot, therefore, interfere with the finding of the jury and the judgment of the trial court.   Code, sec. 6363; *Harris* v. *Commonwealth*, 129 Va. 751, 105 S. E. 541; *Walker* v. *Commonwealth*, 132 Va. 819, 110 S. E. 253.

*Affirmed.*