# Wytheville

ROY KENNEDY v. COMMONWEALTH OF VIRGINIA.

June 11, 1937.

Present, All the Justices.

722

The opinion states the case.

*Herman A. Sacks*, for the plaintiff in error.

*Abram P. Staples, Attorney-General*, and *Joseph L. Kelly, Jr., Special Assistant*, for the Commonwealth.

SPRATLEY, J., delivered the opinion of the court.

Plaintiff in error, Roy Kennedy, was tried by the police justice of the city of Norfolk, upon a warrant charging him with unlawfully operating an automobile while under the influence of intoxicants. He was found guilty, and sentenced to pay a fine of one hundred dollars and costs. He appealed to the corporation court of that city. A jury was unable to agree upon a verdict on his first trial therein. When the case was again called for trial, there were in attendance and remaining in court, eleven of twelve jurors previously impaneled for the trial of felony and all other cases during the term. Instead of first selecting a panel of seven for the trial of the case, the trial judge caused to be placed on the panel the names of all of the eleven jurors, each being free from exception as to their qualifications as prospective jurors. He then directed the attorney for the Commonwealth and the accused each to alternately strike off three names from the list of the eleven jurors until a panel of five should remain.

The accused, in the language of the bill of exceptions, "objected to the method of the court in selecting the panel for the trial of this case, and also objected to the action of the court, in ordering the Commonwealth and the accused each to strike three names from said panel, thereby allowing the Commonwealth and the accused each three peremptory challenges instead of one as directed by statute, for the trial of misdemeanors. The accused did not want to exercise more than the one peremptory challenge." The court overruled both of these objections, to which action the accused excepted.

The case then proceeded to trial, and the five jurors, after having heard the evidence and argument of counsel, returned a verdict finding the defendant guilty, and fixing his punishment at a fine of one hundred dollars. Thereupon, the accused moved the court to set aside the verdict as contrary to the law and the evidence, and also because of the former action of the court in forming a panel of eleven jurors, and requiring the accused and the Commonwealth each to exercise three peremptory challenges instead of one, "as required by law." The court overruled this motion, and the accused again duly excepted.

The case is now before us upon two assignments of errors, based upon the foregoing exceptions.

The evidence was in conflict, and it is admitted here by counsel for the accused that since there was sufficient evidence upon which the jury could base its verdict, the assignment of error with reference thereto has been abandoned. It is not necessary, therefore, to relate the evidence herein.

The objections to the number of the panel and to the challenges allowed are so closely related and interwoven that they will be treated together.

The questions for us to consider are whether there was merely an irregularity in the impaneling of the jurors, which could come under the curative provisions of Virginia Code 1936, section 4895, and whether the provisions of Code, sections 4927 and 4898 are mandatory.

It is evident that there was no waiver of the irregularity, in view of the objections made and exceptions noted to the

proceedings, both before the jury was sworn and after the verdict.

Virginia Code 1936, section 4927, provides that: "Seven jurors shall constitute a panel in the trial of misdemeanors, but the jury therefore shall be composed of five."

Virginia Code 1936, section 4898, provides that: "In every case of misdemeanor, whether on an appeal from a justice, or an original trial, the Commonwealth and the prisoner shall each be allowed one peremptory challenge. No other challenge shall be allowed except for cause."

█ Although these two statutes specifically provide for the number to constitute a panel in a misdemeanor case and the number allowed to be struck therefrom on peremptory challenge, there is no statutory method prescribed for the selection of a panel, it simply being required that a panel of seven jurors, free from exception, should be assembled.

██ The language of each of sections 4927 and 4898 is so simple, clear, distinct and express that we can see no good reason to depart therefrom. Both statutes contain requirements that are safeguards provided by legislation for both the Commonwealth and the accused, and should not be disregarded either for matters of expediency or for haste. They are provided in proceedings which involve the liberty of the accused and the protection of the Commonwealth. Whether the accused be guilty or innocent, he should be tried according to the rules ordained by law, and any departure therefrom is a violation of his fundamental rights. As a part of the orderly administration of human law, it is necessary to adhere closely to the exact standard or methods which the law lays down for criminal procedure.

That portion of section 4898, which provides that the "Commonwealth and the prisoner shall each be allowed one peremptory challenge," is further emphasized by the next following sentence, *"No other challenge shall be allowed except for cause."* (Italics ours.)

█ To select first a panel of eleven, and then to allow each side three peremptory challenges, confers on both the Commonwealth and the accused a greater selective power in

choosing a trial jury than the statute permits. If any departure is allowed to be made from the statutes in selecting the number to constitute a panel, and in consequently permitting and requiring more than one peremptory challenge, it is not difficult to conceive the length to which such departure may go.

The fact that the evidence is conflicting, and that the jury on the first trial was unable to agree on a verdict, indicates the several speculative possibilities that might have happened had the trial jury been composed of some of the six struck off from the panel of eleven, who might otherwise have been on a panel of seven, from which only two could have been struck.

It has been consistently held in Virginia that the statutory requirements for impaneling jurors are mandatory and not merely directory.

In *Elkins* v. *Commonwealth*, 161 Va. 1043, 171 S. E. 602, 603, the trial court permitted, over the objection of the accused, six jurors only to constitute the panel. Although the Commonwealth waived its right to a challenge, and the accused was offered the right of a peremptory challenge as to one of the members of the panel, he declined to do so, so long as the panel consisted only of six members, and a jury of five was then chosen by lot therefrom. It was here held that it was reversible error to impanel the jury for the trial of a misdemeanor case with a number different from that provided by statute.

Chief Justice Campbell, in the above case, said: "In the absence of waiver of any rights upon the part of the accused when charged with a misdemeanor, section 4927 is mandatory." He then reviewed *Hall's Case (Hall* v. *Com.)*, 80 Va. 555; *Looney's Case (Looney* v. *Com.)*, 115 Va. 921, 929, 78 S. E. 625, and *Hoback's Case (Hoback* v. *Com.)*, 104 Va. 871, 52 S. E. 575, and called attention to the language of these cases, emphasizing the necessity and importance of a strict adherence to the statutory provisions governing the trial of criminal cases. Said he: "In those cases the accused were charged with a felony, but in principle there is no difference between the trial of an accused upon a felony charge

and his trial upon a misdemeanor charge involving his liberty. The formalities are in effect the same, and no departure from a strict observance of the statutory provisions should be permitted over the protest of the accused."

In *Hoback* v. *Commonwealth, supra,* Justice Harrison, speaking for the court, quoted from *Jones* v. *Commonwealth,* 100 Va. 842, 846, 41 S. E. 951, 952, 953, wherein was approved the following language taken from *Hall* v. *Commonwealth, supra:* "These provisions of the statute in respect to impaneling juries are not directory merely, but imperative. They are rules which are made essential in proceedings involving life or liberty, and it is the right of the accused to demand that they be complied with. To disregard them is to deprive the accused of that due process of law which is provided by the legislature, which is required by the fundamental law of the land. * * * This the statute requires, and if one of the formalities which it prescribes may be disregarded, all may be set at naught."

In *Patrick* v. *Commonwealth,* 115 Va. 933, 78 S. E. 628, 631, referring to the statutory provisions in reference to the selection of jurors, it was said: "Most provisions on the subject are plain and not difficult to enforce. They were enacted not only for the purpose of securing fit juries, but to avoid even the suspicion of partiality or corruption in their selection. The fact that it may be sometimes inconvenient to the court, or cause delay in the trial of a cause is no sufficient reason why the statutes should not be strictly and rigidly enforced. The legislative intent over these matters should absolutely control the action of the judiciary. The courts have no other duty to perform than to execute the legislative will without any regard to their own views as to the necessity or wisdom of the enactments."

We think that section 4898 is likewise mandatory in permitting the allowance of one peremptory challenge only. In addition to the clear language of this section, it is obvious that the allowance of more than one such challenge to each party necessarily involves the selection of a larger panel than seven, if only five are to constitute the jury.

■ A departure from either section 4927 or section 4898 does not constitute a mere technicality which could do no harm to the accused. It can be readily understood by those familiar with the workings of the jury system in criminal procedure, especially where there are questions of the violation of laws relating to ardent spirits, that both the selection and challenging of jurors are most important and vital. When not waived by the accused both sections should be strictly followed.

That part of the opinion in the case of *Clarke* v. *Commonwealth*, 159 Va. 908, 166 S. E. 541, upon which the Commonwealth here relies, relates only to the question of the manner of the selection of a panel for the trial of criminal causes. It does not involve either the question of the size of the panel, or the number of peremptory challenges allowed.

■ The judgment of the trial court will be reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed and remanded.*

GREGORY, J., dissenting.

The accused was driving on the Ocean View Boulevard at 70 miles an hour when two police officers arrested him. He had a pint bottle half filled with whiskey and according to the testimony of the officers, he was under the influence of intoxicants. When he was taken to the police station the police sergeant there observed him and testified that at that time he was under the influence of intoxicants. The accused testified in his own behalf and admitted that he had taken about five drinks during the evening from the pint bottle which was in the car, but denied that he was under the influence of intoxicants. His amazing statement is that he and his wife and three friends had been drinking from that bottle and had consumed only about one-half pint of whiskey.

The assignment of error based on the insufficiency of the evidence was abandoned. This concession was entirely proper because the evidence abundantly supported the verdict. In

fact it would be difficult to understand how any jury could have acquitted the accused under the evidence.

The main assignment of error is that the jury was improperly selected. The record clearly shows that the court provided a panel of 11 men free from exception and in all respects qualified to serve as jurors in this case and in selecting five jurors the court directed counsel to strike three each from the list. This was objected to by counsel for the accused for the sole reason that he wanted only one challenge and not three. He did not claim that his rights were prejudiced. He contended that he was entitled to a panel of seven instead of a panel of 11.

There seems to be two methods of selecting a jury to try a misdemeanor case; one by the provisions of Code, section 4895, which expressly states that "the jury so summoned may be used for the trial of all cases which may be tried at that term, including civil cases as well as felonies and misdemeanors"; and the other by the provisions of Code, section 5992, which declares that jurors chosen under that section "shall constitute a jury for the trial of civil and misdemeanor cases * * *." By section 5996, it is provided that jurors shall be selected by lot. For the trial of misdemeanor cases either method may be used. *Gray* v. *Commonwealth*, 132 Va. 674, 111 S. E. 276.

No motion was made by the accused to select the jury by lot under section 5996. The qualification as jurors of the 11 men placed in the jury box was unquestioned. Every single one of them was competent to serve. When five of them were finally chosen in the manner indicated, no constitutional right of the accused was thereby invaded. He had an impartial jury and a fair trial and if he had desired he could have invoked section 5996 and secured a jury by lot. He waived his right to that manner of selection by not asking that the jury be selected in that way.

Even if error was committed it was harmless. An outstanding fact is that the accused has shown no prejudice. In the language of section 4895, it does not appear "that such irregularity, or error, or failure, was intentional or such as to probably cause injustice * * * to the accused; * * *." Under sec-

tion 6331, which has been expressly applied in criminal cases (*Walker* v. *Commonwealth*, 144 Va. 648, 131 S. E. 230), where an accused has had a fair trial on the merits and substantial justice has been reached, the judgment will not be reversed. See also, Code, section 6002, and Burks' Pleading and Practice (3d Ed.) page 426. No error in the trial short of one actually invading the constitutional rights of an accused should be sufficient under our statutes to cause a reversal of a judgment of conviction, if it appears from the evidence that he has had a fair trial on the merits, and substantial justice has been done.

The evidence, as indicated, shows clearly that the accused was guilty and that no other proper verdict than one of guilt could have been rendered. The accused has not shown that he was injured in any way by the manner of selecting the jury adopted by the court. See *Walker* v. *Commonwealth*, *supra; Thacker* v. *Commonwealth*, 157 Va. 836, 160 S. E. 65, and *Ballard* v. *Commonwealth*, 156 Va. 980, 159 S. E. 222.

For the foregoing reasons I am unable to agree with the majority.

HUDGINS, J., concurs in dissent.