# Norfolk

## DEBRA JO WILMOTH

v.

## COMMONWEALTH OF VIRGINIA

No. 0926-88-1

Decided April 3, 1990

170

COUNSEL

Robert L. Samuel, Jr. (Stephen C. Swain, Robert C. E. Laney, Clark & Stant, P.C., on brief), for appellant.

Birdie H. Jamison, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal of a conviction for voluntary manslaughter, the defendant argues that because of a news article about her pending trial, the trial judge should have continued the trial or excluded every prospective juror who acknowledged having read the article. However, since the defendant did not demon-

strate a widespread feeling of prejudice within the community which was reasonably certain to prevent a fair and impartial trial or that any of the jurors who were chosen to sit at her trial were biased, we conclude that the trial court did not err in denying the defendant's motions.

Two days before the defendant's trial for stabbing and killing her husband, the *Virginian-Pilot/Ledger Star*, a newspaper with wide circulation in the area, published a four-page article concerning the charge against her. Beginning on the first page of the Sunday edition and continuing on two following pages, the article described the offense involved and concentrated on the expected use of the "battered wife syndrome" as a defense. The article portrayed the domestic life of the defendant, her husband, and their children, as revealed in interviews with their friends and neighbors. The article recited the statement the defendant gave to the police, the unwillingness of the police to believe her statement and the defendant's failure of a polygraph examination.

On the morning of trial defendant moved for a change of venue or, in the alternative, a continuance, because of the prejudicial impact of the news article. The motion for a continuance was denied and the motion for a change of venue was deferred until *voir dire* was completed. The defendant's counsel then urged the trial court to exclude from the panel any prospective juror who had read the news article, but the trial court declined to do so.

During the *voir dire* examination, nine veniremen acknowledged having read the news article. Three of them were excluded by the trial court for cause; the remaining six were not.

*Voir dire* examination of the six who remained on the panel did not reveal that any of them had formed any impression concerning the guilt or innocence of the defendant. In response to questioning, four of them (Berkhimer, Cherry, Church, and Tapper) stated that they had formed no opinion and were able to be objective. One of the remaining two, Berger, said that he had only skimmed the article and remembered nothing about it. The defendant did not seek to remove Berger for cause. The remaining venireman, Bonk, did not read the article but said that another person called for jury duty that morning had told him that "there was something that a person murdered another person, and he said he hopes he don't get their trial." Bonk had no further information

about the case, and his answers to later questions did not indicate any bias.

■ Although on appeal the defendant does not challenge the trial court's failure to grant a change of venue, only its refusal to grant a continuance, the underlying question is the same: whether, because of extensive publicity or widespread knowledge of the crime or of the accused, "there is such a widespread feeling of prejudice" within the community that it is reasonably certain the defendant cannot receive a fair and impartial trial. *Coppola v. Commonwealth*, 220 Va. 243, 248, 257 S.E.2d 797, 801 (1979), *cert. denied*, 444 U.S. 1103 (1980).

■ The law presumes that a criminal defendant can receive a fair trial from jurors selected from the county or city in which the offense occurred. *Id.; see also Stockton v. Commonwealth*, 227 Va. 124, 137, 314 S.E.2d 371, 379, *cert. denied*, 469 U.S. 873 (1984). To overcome this presumption, the accused has "the burden of clearly showing 'that there is such a widespread feeling of prejudice' " within the community that it is reasonably certain to prevent a fair and impartial trial. *Id.* at 137, 314 S.E.2d at 380 (citation omitted). Merely showing extensive publicity or widespread knowledge of the crime or of the accused is insufficient by itself to sustain this burden. If, based on the *voir dire* examination of prospective jurors or other evidence, the trial court determines that (1) there has been extensive publicity or widespread knowledge of the crime or the accused, (2) this publicity has generated a widespread feeling of prejudice within the community, and (3) this feeling of prejudice is reasonably certain to prevent a fair and impartial trial, the trial court should grant a change of venue or summon jurors from another county or city. *See* Code § 8.01-363. If, after properly considering this question, the trial court determines that the accused has not clearly made this showing, its refusal to grant a motion to change venue or to take other remedial action will not constitute reversible error unless the record affirmatively shows that the accused has made such a showing.

In this case, the news article publicized the crime and the defendant's involvement in it; however, the defendant failed to show that the publicity created a widespread feeling of prejudice within the community that was reasonably certain to prevent a fair and impartial trial. The defendant offered no independent evidence of such a feeling of prejudice but relied solely on the *voir dire* exami-

nation of the venire. The *voir dire* revealed no widespread bias or prejudice toward the defendant. The court was required to examine only thirty-eight prospective jurors to secure a panel of twenty, and only three veniremen were disqualified for having formed an opinion concerning the defendant's guilt. *Compare Stockton*, 227 Va. at 137, 314 S.E.2d at 380 (twenty-five veniremen questioned, one excused because of having formed an opinion as to guilt or innocence); *Coleman v. Commonwealth*, 226 Va. 31, 45, 307 S.E.2d 864, 871 (1983), *cert. denied*, 465 U.S. 1109 (1984) (forty-two veniremen questioned, fourteen excused because they had formed opinions as to guilt or innocence); *Clanton v. Commonwealth*, 223 Va. 41, 50, 286 S.E.2d 172, 176 (1982) (thirty-five veniremen questioned, three excused because they had formed opinions as to guilt or innocence); *Briley v. Commonwealth*, 221 Va. 563, 570, 273 S.E.2d 57, 61 (1980) (forty-six veniremen questioned, seven excused because they had formed opinions as to guilt or innocence). We conclude, therefore, that the trial court did not abuse its discretion in finding that the defendant had failed to show a widespread prejudice in the community.

 The defendant's further contention that all of the veniremen who had read the news article should have been excused for cause overlooks the well-established criteria for excluding a venireman who has prior knowledge concerning a case. The constitutional guarantee of an impartial jury does not contemplate excluding those who have read or heard news accounts concerning the case or even exclusion of those who may have formed an opinion based on such accounts. *Calhoun v. Commonwealth*, 226 Va. 256, 258, 307 S.E.2d 896, 897 (1983). Because of today's rapid and widespread dissemination of news by the media, it often will be difficult to find qualified jurors who have not read or heard of a case of public interest and have not formed some impression regarding its merits. *Id.* The test, instead, is whether a juror is capable of laying aside a preconceived opinion and rendering "a verdict solely on the evidence." *Id.* at 258, 307 S.E.2d at 898; *see also Foley v. Commonwealth*, 8 Va. App. 149, 154, 379 S.E.2d 915, 918 (1989). We hold, therefore, that the trial court did not err in refusing to exclude all of the veniremen who had read the news article in question.

To support her contentions, the defendant relies on *Sheppard v. Maxwell*, 384 U.S. 333 (1966), and *Marshall v. United States*,

360 U.S. 310 (1959); however, these cases do not address the issues raised in this case. In *Sheppard*, "inherently prejudicial publicity" had so saturated the community that the Supreme Court felt compelled to grant the defendant's petition for a writ of habeas corpus. The Court based its decision on the principle that due process is violated where a state employs a procedure with a significant probability that prejudice will result. *Sheppard*, 384 U.S. at 352, 363. In *Marshall*, the Supreme Court exercised its supervisory power over the federal courts to reverse a criminal conviction where evidence of other crimes committed by the defendant was received by seven jurors during the course of the trial after the court had already ruled the material inadmissible. *Marshall*, 360 U.S. at 312. In this case, inherently prejudicial publicity did not saturate the community as it did in *Sheppard*, nor were the jurors who were selected to serve aware of other crimes committed by the defendant or other inadmissible evidence prejudicial to the defendant as in *Marshall*.

Since the defendant failed to show a widespread feeling of prejudice which would have prevented a fair and impartial trial, the trial court did not err in refusing to grant a continuance. Furthermore, the defendant failed to show that the prospective jurors who had read the article concerning the charge against the defendant held preconceived opinions of guilt which they were unable to set aside; for this reason, we hold that the trial judge also did not err in refusing to exclude those jurors. The judgment of conviction is, therefore, affirmed.

*Affirmed.*

Baker, J., and Willis, J., concurred.