KIRBY CORNELL DeHART, a/k/a
KERBY CARROLL DeHART

v.

COMMONWEALTH OF VIRGINIA

No. 2398-92-3

Decided October 18, 1994

COUNSEL

Thomas M. Blaylock, for appellant

Virginia B. Theisen, Assistant Attorney General (James S. Gilmore, III, Attorney General; Marla Lynn Graff, Assistant Attorney General, on brief), for appellee.

OPINION

WILLIS, J.—On appeal of his convictions for (1) second degree murder, (2) the use of a firearm in the commission of a murder, and (3) breaking and entering with the intent to commit sexual battery, Kirby Cornell DeHart contends the trial court erred in refusing to strike a venireman for cause. We agree and reverse the judgment of the trial court.

The statutorily required voir dire disclosed that three veniremen had heard or read about the offenses through the news media. The trial court excused two for cause. The third venireman, Ms. Peters, stated that she had not formed or expressed any opinion as to DeHart's guilt or innocence and that she knew no reason why she could not give both sides a fair trial. She stated that she had not discussed the case with anyone and had no preconceived idea or notion about DeHart's guilt.

When defense counsel asked Ms. Peters whether she would base her decision on what she had read in the newspapers, Ms. Peters replied that she "would try not to, but I can't honestly say I wouldn't use it because it is in my mind." She said she would do her "best" to base her decision on the evidence presented at trial and would not intentionally bring in any information from outside the courtroom. The trial court denied DeHart's motion to strike Ms. Peters for cause. The court stated that it was satisfied with Ms. Peters because she was fair and her answers were coherent. The Commonwealth used a peremptory strike to remove Ms. Peters from the jury panel.

■ Code §§ 8.01-357 and 19.2-262(2) guarantee an accused the right to a panel of twenty jurors free from exception. These statutes are clear and concise, and their language is mandatory. *Kennedy v. Commonwealth*, 168 Va. 721, 725, 191 S.E. 634, 635-36 (1937).

The right of an accused to trial by "an impartial jury" is a constitutional right. The constitutional guarantee is reinforced by legislative mandate and by the rules of this Court: veniremen must "stand indifferent in the cause". By ancient rule, any reasonable doubt as to a juror's qualifications must be resolved in favor of the accused.

*Breeden v. Commonwealth*, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976) (citations omitted).

The constitutional guarantee of an impartial jury does not contemplate excluding those who have read or heard news accounts concerning the case or even exclusion of those who have formed an opinion based on such accounts. . . . The test, instead, is whether a juror is capable of laying aside a preconceived opinion and rendering "a verdict solely on the evidence."

*Wilmoth v. Commonwealth*, 10 Va. App. 169, 173, 390 S.E.2d 514, 516 (1990) (citations omitted).

■ The purpose of voir dire examination is to determine whether a prospective juror is free from partiality and prejudice. This determination is a factual issue which is best determined by the trial court, is entitled to great weight, and should not be set aside unless plainly wrong. *Reynolds v. Commonwealth*, 6 Va. App. 157, 170, 367 S.E.2d 176, 183 (1988).

The test for seating a prospective juror who has a preconceived viewpoint which would otherwise be disqualifying is whether the juror can disabuse his or her mind of the preconceived opinion or misconception "and decide the case on the evidence submitted and the law as propounded in the court's instructions."

*Sizemore v. Commonwealth*, 11 Va. App. 208, 212, 397 S.E.2d 408, 410 (1990) (citations omitted).

The trial court erred in refusing to strike Ms. Peters for cause. Although she stated that she would attempt not to base her judgment on information she had gained through the news media, she could not assure the court that she would render her verdict based solely on the evidence adduced at trial. Her answers raised a reasonable doubt as to her qualification to serve as a juror, a doubt that should have been resolved by granting DeHart's motion to strike her for cause.

The Commonwealth contends that by exercising one of its peremptory strikes against Ms. Peters, it thereby removed any prejudice to DeHart and cured any error in the trial court's refusal to strike Ms. Peters. We disagree.

■ We addressed a similar issue in *Fuller v. Commonwealth*, 14 Va. App. 277, 416 S.E.2d 44 (1992). In *Fuller*, the trial court seated an improper venireman. The Commonwealth exercised one of its peremptory strikes against that venireman. Holding that this did not cure the error, we said:

> We find . . . that Fuller was prejudiced by [the venireman's] presence since he was denied the possibility of having another impartial person sit who had no knowledge of the prior trial; that additional juror may not have been struck by the Commonwealth if a full panel of twenty veniremen had been provided.

*Id.* at 281, 416 S.E.2d at 46. Addressing the Commonwealth's waiver of peremptory strikes upon the trial court's inability to seat twenty veniremen free from exception, we said:

> [W]here a defendant, as here, . . . elects to stand on the statutory mandate of a panel of twenty jurors, we hold that he is entitled to a full panel of impartial jurors and may not be required to accept a lesser number simply because the Commonwealth agrees to waive one or more of its peremptory strikes.

*Id.* at 281-82, 416 S.E.2d at 47.

*Reversed and remanded.*

Benton, J., and Elder, J., concurred